## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JANE DOE 1; JOHN DOE 1; JOHN MINOR DOE 1, by and through his next friend, Jane Doe 1; JOHN DOE 2; JOHN MINOR DOE 2, by and through his next friend, John Doe 2; JANE DOE 3; JOHN DOE 3; JANE MINOR DOE 3, by and through her next friend, Jane Doe 3; JANE DOE 4; JOHN DOE 4; JANE MINOR DOE 4, by and through her next friend, Jane Doe 4; JANE DOE 5; JOHN DOE 5; JOHN MINOR DOE 5, by and through his next friend, Jane Doe 5; JANE DOE 6; JOHN DOE 6; JANE MINOR DOE 6, by and through her next friend, Jane Doe 6; JANE DOE 7; JOHN DOE 7; and JANE MINOR DOE 7, by and through her next friend, Jane Doe 7,<br><br>          Plaintiffs,<br><br>     v.<br><br>WILLIAM C. THORNBURY, JR., MD, in his official capacity as the President of the Kentucky Board of Medical Licensure; AUDRIA DENKER, RN, in her official capacity as the President of the Kentucky Board of Nursing; and ERIC FRIEDLANDER, in his official capacity as the Secretary of the Cabinet for Health and Family Services,<br><br>          Defendants. | **PLAINTIFFS' MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY AND INCORPORATED MEMORANDUM OF LAW**<br><br>Civil No. 3:23-cv-00230-RGJ |

Plaintiffs Jane Doe 1 and John Doe 1, individually and on behalf of their minor child, John Minor ("JM") Doe 1 ("Doe Family 1"); John Doe 2, individually and on behalf of his minor child, JM Doe 2 ("Doe Family 2"); Jane Doe 3 and John Doe 3, individually and on behalf of their minor child, Jane Minor (also "JM") Doe 3 ("Doe Family 3"); Jane Doe 4 and John Doe 4, individually and on behalf of their minor child, JM Doe 4 ("Doe Family 4"); Jane Doe 5 and John Doe 5,

individually and on behalf of their minor child, JM Doe 5 ("Doe Family 5"); Jane Doe 6 and John Doe 6, individually and on behalf of their minor child, JM Doe 3 ("Doe Family 6"); and Jane Doe 7 and John Doe 7, individually and on behalf of their minor child, JM Doe 7 ("Doe Family 7") (collectively, "Plaintiffs") respectfully request leave to proceed pseudonymously.[1]

Plaintiffs are transgender adolescents and parents of those transgender adolescents who are challenging the constitutionality of Kentucky's recently passed Senate Bill 150, which bans medical care for transgender adolescents (The "Health Care Ban" or "Ban"). *See* Complaint, ECF. No. ___, ("Compl.") at ¶¶ 1, 3, 38-42.

Transgender Plaintiffs are members of a stigmatized group that frequently encounters discrimination and harassment. They are especially vulnerable because of their status as young people under the age of seventeen. To mitigate the serious risk of harm the Transgender Plaintiffs would face from discrimination and harassment if their transgender identity were disclosed in public court filings and any media attention that could result, they seek leave to proceed pseudonymously in this litigation. Their parents also seek to proceed pseudonymously to protect the identity of their minor children because identification of the Parent Plaintiffs would effectively identify their children.

Considering the private subject matter of this lawsuit and because Transgender Plaintiffs are minors suing the government, the Sixth Circuit's standard for allowing a plaintiff to proceed pseudonymously is satisfied and the motion should be granted.

---

[1] All names used herein are pseudonyms to protect the identity of the movants. John and Jane Minor Does 1-7 are collectively referred to herein as the "Transgender Plaintiffs"; their parents, John and Jane Does 1-7 are collectively referred to herein as the "Parent Plaintiffs."

## STANDARD OF REVIEW

Although Federal Rule of Civil Procedure 10(a) requires that "every pleading" contain the "name [of] all the parties," a court "may excuse" compliance with the rule "in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "A plaintiff may be permitted to proceed anonymously or pseudonymously … if her privacy interest substantially outweighs the presumption of open judicial proceedings." *Id.*

"When determining whether such an exception is justified, a court may consider, among others, the following factors: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law . . .; and (4) whether the plaintiffs are children." *Id.* All of the foregoing factors weigh in favor of granting the requested relief.

## ARGUMENT

**A.     Plaintiffs Should Be Permitted to Proceed Anonymously Because the Transgender Plaintiffs Are Minors.**

The Transgender Plaintiffs are minor children, aged from nine to sixteen. Minor litigants have a "special status and vulnerability" that entitles them to "heightened privacy protections." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). For instance, Federal Rule of Civil Procedure 5.2(a)(3) protects minors involved in litigation by requiring redaction from any court filing of "the name of an individual known to be a minor" and the use instead of only "the minor's initials."

Here, however, the added protection of pseudonymous pleading is essential given the especially sensitive subject matter of this lawsuit. If the Transgender Plaintiffs were to receive only the protections of Rule 5.2, their initials and their parents' names would be disclosed in the public record. That information would be sufficient to identify them.

Courts accordingly have allowed both minors and their guardians in similar circumstances to proceed under pseudonym where the interests of minor children are at stake. *See, e.g., Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (observing that fictitious names are allowed when necessary to protect children's privacy); *Stegall*, 653 F.2d at 186 (permitting minor children and their mother to use fictitious names as minor children are more vulnerable to potential harassment or violence against the family); *Doe v. Banos*, 713 F. Supp. 2d 404, n. 1 (D. N.J. 2010) (stating that the pseudonym of father and daughter was "used to protect the identity of . . . a fifteen year-old minor.").[2]

Courts further have granted permission to proceed using pseudonyms in cases involving claims by transgender youth. *See, e.g., DOE et al. v. Ladapo et al.*, No. 23-cv-00114, ECF No. 51 (N.D. Fla. May 3, 2023); *Doe v. Volusia Cnty. Sch. Bd.*, No. 18-102, ECF No. 8 (M.D. Fla. Jan. 30, 2018); *Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 16-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Doe v. U.S.*, No. 16-0640, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016). For all the same reasons the same relief is appropriate here.

B.  **Plaintiffs Should Be Permitted to Proceed Anonymously Because They Are Challenging Governmental Activity.**

Plaintiffs here are challenging a government activity, which further weighs in favor of permitting Plaintiffs to proceed anonymously. Specifically, Plaintiffs are challenging Senate Bill 150, which bans medical care for transgender adolescents in violation of the U.S. Constitution.

---

[2] *See also Doe 1 v. Perkiomen Valley Sch. Dist.*, No. 22-287, 2022 WL 222525, at *2 (E.D. Pa. Jan. 25, 2022) (allowing parents to proceed anonymously "because if they were required to disclose their identities, the identities of their children would be readily determinable, and the privacy interests protected by these rules would be undermined"); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (permitting plaintiffs to proceed anonymously because the parents and child "share common privacy interests based on their inseparable relationship to one another" and "[o]rdering disclosure of the parents' identities would place—in effect—personally identifiable and confidential information about" the child "in the public record").

Where government activity is challenged, "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant," while the plaintiff typically "represents a minority interest (and may be subject to stigmatization)." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also Porter*, 70 F.3d at 560 (noting that fact defendant was a government entity weighed in favor of retaining plaintiff's anonymity). All of these particularly strong interests in proceeding pseudonymously are present here.

C. **Plaintiffs Should be Permitted to Proceed Anonymously Because this Lawsuit Involves Information "of the Utmost Intimacy."**

This lawsuit requires the Transgender Plaintiffs to disclose their transgender identity. A plaintiff's transgender identity is "of the utmost intimacy" and exposes the plaintiff to risk of injury. *Meriwether v. Trs. of Shawnee State Univ.*, No. 1:18-CV-753, 2019 WL 2392958, at *2 (S.D. Ohio Jan. 30, 2019). Unlike other cases involving medical conditions, the underlying symptoms, diagnosis, and treatment options in this case are even more sensitive and personal in nature, because they revolve around a minor's gender transition and the impact it has on their mental health. Because this case concerns details "of the utmost intimacy," including, e.g., genitalia, pubertal development, medical history, mental health, and gender identity, proceeding anonymously is essential. *See id.* ("that [plaintiff] previously presented as male, and had a procedure to reassign her gender, certainly qualifies as information 'of the utmost intimacy.'")

Moreover, there is a real risk of discrimination and harassment without pseudonymous pleading. Courts have taken "judicial notice of the increased threat of violence to which transgender individuals are exposed." *Doe v. City of Detroit*, No. 18-CV-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) (citing "A Time to Act: Fatal Violence Against Transgender People in America in 2017," at 33, available at

5

http://assets2.hrc.org/files/assets/resources/A_Time_To_Act_2017_REV3.pdf.). Courts also have observed "that transgender individuals face discrimination, harassment, and violence because of their gender identity." *Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017); *see also Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018) (finding that forcing individuals "to disclose their transgender status … exposes" them "to a substantial risk of stigma, discrimination, intimidation, violence, and danger"). Several courts, including courts in the Sixth Circuit, accordingly "have held that an individual's transgender identity can carry enough of a social stigma" to warrant anonymity. *City of Detroit*, 2018 WL 3434345, at *2 (citing *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 72 (D.R.I. 1992); *Doe v. McConn*, 489 F. Supp. 76, 77 (S.D. Tex. 1980); *McClure v. Harris*, 503 F. Supp. 409, 412 (N.D. Cal. 1980), *rev'd sub nom. Schweiker v. McClure*, 456 U.S. 188 (1982)); *see also Bd. of Educ. of the Highland Loc. Sch. Dist. v. U.S. Dept. of Educ.*, No. 2:16-cv-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016).[3]

The same "considerations also support allowing the [Parent Plaintiffs] … to proceed anonymously, because public disclosure of their identities would nullify any privacy protections given to their children alone." *D.L. ex rel. Phan L. v. Bateman*, No. 12-208, 2012 WL 1565419, at *2 (M.D. Fla. May 2, 2012) (citing *Doe v. Banos*, 713 F. Supp. 2d 404, 407 n.1 (D.N.J. 2010));

---

[3] *See also e.g., Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) ("The excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate"); *Foster v. Andersen*, No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 62019) ("[T]he disclosure of [plaintiff]'s identity would reveal matters of a highly sensitive and personal nature, specifically [plaintiff]'s transgender status and his diagnosed medical condition—gender dysphoria."); *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 333, 333 (D.P.R. 2018); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. 1992).

*see also* Section B, *supra*. Therefore, the Transgender Plaintiffs and the Parent Parents should be permitted to proceed anonymously.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' right to privacy outweighs the presumption of openness in court proceedings. Plaintiffs, therefore, respectfully request the Court to grant this motion to proceed pseudonymously.

Dated: May 4, 2023                    Respectfully Submitted,

*/s/ Heather Gatnarek*
Corey Shapiro
Heather Gatnarek
Crystal Fryman
Kevin Muench
ACLU OF KENTUCKY FOUNDATION
325 W. Main St. Suite 2210
Louisville, KY 40202
(502) 581-9746
corey@aclu-ky.org
heather@aclu-ky.org
crystal@aclu-ky.org
kevin@aclu-ky.org

Christopher F. Stoll*
Kelly Jo Popkin*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Janecisco, CA 94102
(415) 365-1320
cstoll@nclrights.org
kpopkin@nclrights.org

Stephanie Schuster*
Randall M. Levine*
MORGAN, LEWIS & BOCKIUS LLP
111 Pennsylvania Ave., NW
Washington, DC 20004-2541
(202) 739-3000
stephanie.schuster@morganlewis.com

        randall.levine@morganlewis.com

        Amanda J. Ford\*
        MORGAN, LEWIS & BOCKIUS LLP
        One Federal Street
        Boston, MA 02110-1726
        (617) 431-7700
        amanda.ford@morganlewis.com

        *\* pro hac vice application forthcoming*

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed with the Court using the CM/ECF system on May 4, 2023, which will generate an electronic notice of filing to all counsel registered with that service.

        */s/ Heather Gatnarek*
        Heather Gatnarek