UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JANE DOE 1, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM C. THORNBURY, JR., M.D., in his official capacity as the President of the Kentucky Board of Medical Licensure, *et al.*, <br><br> Defendants. | **Civil Action No. 3:23-cv-00230** <br> *Electronically filed* |

**ANSWER TO COMPLAINT BY DEFENDANTS WILLIAM C. THORNBURY, JR. M.D. AND AUDRIA DENKER, R.N., IN THIER OFFICIAL CAPACITIES**

Comes now Defendants – William C. Thornbury, Jr. M.D., in his official capacity as President of the Kentucky Board of Medical Licensure ("KBML") and Audria Denker, R.N., in her official capacity as the President of the Kentucky Board of Nursing ("KBN"), – by and through counsel, and state in Answer to the Plaintiffs' Complaint as follows:

1. As to Paragraph 1 and 37 of the Complaint, Defendants KBML and KBN admit that the Kentucky legislature voted to override Governor Andy Beshear's veto and enacted Senate Bill 150 and that it will go into effect on June 29, 2023. Defendants KBML and KBN deny any allegations inconsistent with the clear language of the cited statute and deny the Plaintiffs' characterizations thereof. All other statements contained therein are legal conclusions to which no response is necessary.

2. As to Paragraphs 2 and 4 of the Complaint, Defendants KBML and KBN lack knowledge or information sufficient to form a belief about the truth of all other statements therein and therefore deny the same.

1

3. As to Paragraph 3 of the Complaint, Defendants KBML and KBN state that they lack knowledge or information sufficient to form a belief about the truth of all other statements therein and therefore deny the same. The statute cited therein speaks for itself, and Defendants deny any allegation inconsistent with those cited sources. To the extent this paragraph contains conclusions of law, no response is required.

4. As to Paragraph 5 of the Complaint, Defendants KBML and KBN admit that Plaintiffs seek relief from his Court.

5. As to Paragraphs 6 through 12 of the Complaint, Defendants KBML and KBN lack knowledge or information sufficient to form a belief about the truth of all other statements therein and therefore deny the same.

6. As to Paragraphs 13 through 15 of the Complaint, Defendants KBML and KBN admit that Defendant William C. Thornbury, Jr. M.D. is President of the Kentucky Board of Medical Licensure; Defendant Audria Denker, R.N. is President of the Kentucky Board of Nursing; Defendant Eric Friedlander is the Secretary of the Cabinet for Health and Family Services; and that each is sued in their official capacity. However, Defendants KBML and KBN deny that any relief against them is proper. Defendants KBML and KBN further state that the cited sources in Paragraphs 13, 14 and 15 of the Complaint speak for themselves and deny any allegation inconsistent with those cited sources.

7. As to Paragraphs 16 through 18 of the Complaint, Defendants KBML and KBN deny that subject matter jurisdiction, personal jurisdiction and venue are proper to the extent that Plaintiffs lack standing.

8. As to Paragraphs 19 through 36 of the Complaint, Defendants KBML and KBN lack knowledge or information sufficient to form a belief about the truth of the allegations of fact therein and therefore deny the same. To the extent that these paragraphs include citations to

other sources, those cited sources speak for themselves.

9. As to Paragraphs 38, 41, 43, 44, 45, 46 and 47 of the Complaint, Defendants KBML and KBN lack knowledge or information sufficient to form a belief about the truth of the allegations of fact therein and therefore deny the same. To the extent these paragraphs contain conclusions of law, no response is required.

10. As to Paragraphs 39, 40, 42 and 43 of the Complaint, Defendants KBML and KBN state that the statutes and case law cited therein speak for themselves and deny any allegation that is inconsistent with those cited sources. To the extent these paragraphs contain conclusions of law, no response is required.

11. As to Paragraphs 48 through 77 of the Complaint, Defendants KBML and KBN lack knowledge or information sufficient to form a belief about the truth of the allegations of fact therein and therefore deny the same. To the extent these paragraphs contain conclusions of law, no response is required.

12. As to Paragraphs 78 through 92 of the Complaint, Defendants KBML and KBN incorporate herein their responses to all of the previously cited paragraphs of the Complaint. To the extent that these paragraphs include citations to other sources, those cited sources speak for themselves. To the extent these paragraphs contain conclusions of law, no response is required.

13. As to all paragraphs of the Complaint, Defendants KBML and KBN deny any allegation not specifically admitted herein.

14. Defendants KBML and KBN deny all requests for relief sought by Plaintiffs and state that Plaintiffs are entitled to no relief whatsoever.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim against Defendants KBML and KBN upon which relief can be granted.

2. Plaintiffs lack standing.

3. To the extent Plaintiffs' alleged injuries, which are the subject of this action, are the result of actions of anyone other than Defendant KBML and/or Defendant KBN, Plaintiffs' claims are barred, in whole or in part, by the actions of said other parties.

4. Defendants KBML and KBN plead all applicable affirmative defenses allowed under FRCP 8(c).

5. Defendants KBML and KBN reserve the right to amend, jointly or separately, this Answer and to raise additional affirmative defenses and to assert any third-party complaints, counterclaims, or cross-claims, as necessary.

WHEREFORE, Defendants KBML and KBN, having answered the Complaint, demand as follows:

A. That the Complaint be dismissed with prejudice;

B. That judgment be entered in favor of Defendants KBML and KBN;

C. That Plaintiffs' request for declaratory relief be denied;

D. That Plaintiffs' request for injunctive relief be denied;

E. That Plaintiffs' request for fees and costs be denied;

F. That Plaintiffs receive no relief whatsoever;

G. That Defendants KBML and KBN recover attorneys' fees, costs, and expenses incurred in this action; and

H. That Defendants KBML and KBN receive all further relief to which they may be entitled.

Respectfully submitted,

*/s/ Nicole A. King*
Nicole A. King (KBA # 97866)
Assistant General Counsel
Kentucky Board of Medical Licensure
310 Whittington Parkway, Suite 1B
Louisville, Kentucky 40222
Tel. (502)429-7150
nicolea.king@ky.gov
*Counsel for Defendant Thornbury in his official capacity*

and

*/s/ Jeffrey R. Prather (with permission)*
Jeffrey R. Prather (KBA # 89306)
Kentucky Board of Nursing
312 Whittington Parkway, Suite 300
Louisville, KY 40222
Tel. (502)338-2851
jeffrey.prather@ky.gov
*Counsel for Defendant Denker in her official capacity*

**Certificate of Service**

I hereby certify that on May 17, 2023, I filed the above document via the CM/ECF system, which electronically served copies to all counsel of record.

*/s/ Nicole A. King*
Nicole A. King