UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISIVLLE DIVISION

*Electronically filed*

| | |
|---|---|
| DOE 1, *et al.* | |
|     Plaintiffs | |
| | |
| v. | Civil Action No. 3:23-CV-00230-DJH |
| | |
| THORNBURY, *et al.* | |
|     Defendants | |

## COMMONWEALTH OF KENTUCKY'S INTERVENING ANSWER TO COMPLAINT

The Intervening Defendant, Commonwealth of Kentucky *ex rel.* Attorney General Daniel Cameron, answers the Plaintiffs' Complaint as follows:

1.     In response to the first sentence of paragraph 1 of the Complaint, the Commonwealth admits that the Kentucky legislature voted to override Governor Andy Beshear's veto and enacted Senate Bill 150 but denies that this bill bans medical care for gender dysphoric minors. In response to footnote 2, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text. The Commonwealth admits that the Plaintiffs' claims purport to relate to Section 4(2)(a) and (b) of the bill but deny that those claims have merit. In response to the second sentence of paragraph 1, the Commonwealth admits that the subject provisions of Senate Bill 150 go into effect on June 29, 2023 and denies the remaining averments

1

in that sentence. The Commonwealth denies the averments in the third sentence of paragraph 1 of the Complaint.

2.      In response to paragraph 2 of the Complaint, the Commonwealth denies that hormone therapy and puberty-delaying treatment are medically necessary and appropriate for treating gender dysphoria in minors. The Commonwealth is without sufficient information to admit or deny the remaining averments in paragraph 2 of the Complaint and therefore denies them.

3.      In response to paragraph 3 of the Complaint, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text.

4.      In response to the first three sentences of paragraph 4 of the Complaint, the Commonwealth states that it is without sufficient information to admit or deny those averments and therefore denies them. In response to the fourth sentence of paragraph 4, the Commonwealth states this sentence contains a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth denies the averments contained in that sentence.

5.      The Commonwealth admits that the Plaintiffs seek relief from this Court but denies the Plaintiffs are entitled to the relief they seek.

6.      In response to the averments contained the first three sentences in paragraph 6 of the Complaint, the Commonwealth is without sufficient information to admit or deny the specific averments about the Plaintiffs and therefore denies those averments. In response to the fourth and fifth sentences of paragraph 6, the

Commonwealth states that these sentences do not contain factual averments to which a response is required. To the extent a response is required, the Commonwealth admits that the Plaintiffs have moved to pursue their claims pseudonymously.

7.     In response to the averments contained the first three sentences in paragraph 7 of the Complaint, the Commonwealth is without sufficient information to admit or deny the specific averments about the Plaintiffs and therefore denies those averments. In response to the fourth and fifth sentences of paragraph 7, the Commonwealth states that these sentences do not contain factual averments to which a response is required. To the extent a response is required, the Commonwealth admits that the Plaintiffs have moved to pursue their claims pseudonymously.

8.     In response to the averments contained the first three sentences in paragraph 8 of the Complaint, the Commonwealth is without sufficient information to admit or deny the specific averments about the Plaintiffs and therefore denies those averments. In response to the fourth and fifth sentences of paragraph 8, the Commonwealth states that these sentences do not contain factual averments to which a response is required. To the extent a response is required, the Commonwealth admits that the Plaintiffs have moved to pursue their claims pseudonymously.

9.     In response to the averments contained the first three sentences in paragraph 9 of the Complaint, the Commonwealth is without sufficient information to admit or deny the specific averments about the Plaintiffs and therefore denies those averments. In response to the fourth and fifth sentences of paragraph 9, the Commonwealth states that these sentences do not contain factual averments to which

a response is required. To the extent a response is required, the Commonwealth admits that the Plaintiffs have moved to pursue their claims pseudonymously.

10.     In response to the averments contained the first three sentences in paragraph 10 of the Complaint, the Commonwealth is without sufficient information to admit or deny the specific averments about the Plaintiffs and therefore denies those averments. In response to the fourth and fifth sentences of paragraph 10, the Commonwealth states that these sentences do not contain factual averments to which a response is required. To the extent a response is required, the Commonwealth admits that the Plaintiffs have moved to pursue their claims pseudonymously.

11.     In response to the averments contained the first three sentences in paragraph 11 of the Complaint, the Commonwealth is without sufficient information to admit or deny the specific averments about the Plaintiffs and therefore denies those averments. In response to the fourth and fifth sentences of paragraph 11, the Commonwealth states that these sentences do not contain factual averments to which a response is required. To the extent a response is required, the Commonwealth admits that Plaintiffs have moved to pursue their claims pseudonymously.

12.     In response to the averments contained the first three sentences in paragraph 12 of the Complaint, the Commonwealth is without sufficient information to admit or deny the specific averments about the Plaintiffs and therefore denies those averments. In response to the fourth and fifth sentences of paragraph 12, the Commonwealth states that these sentences do not contain factual averments to which

a response is required. To the extent a response is required, the Commonwealth admits that Plaintiffs have moved to pursue their claims pseudonymously.

13.     In response to the averments contained in the first, fourth, and sixth sentences of paragraph 13 of the Complaint, the Commonwealth admits those averments. In response to remaining sentences of that paragraph concerning Senate Bill 150 and statutes governing the Kentucky Board of Medical Licensure, the Commonwealth states that those laws speak from themselves and denies any construction or interpretation of them that is inconsistent with their text.

14.     In response to the averments contained in the first, fourth, and sixth sentences of paragraph 14 of the Complaint, the Commonwealth admits those averments. In response to remaining sentences of that paragraph concerning Senate Bill 150 and statutes governing the Kentucky Board of Nursing, the Commonwealth states that those laws speak from themselves and denies any construction or interpretation of them that is inconsistent with their text.

15.     In response to the averments contained in the first, third, and fifth sentences of paragraph 15 of the Complaint, the Commonwealth admits those averments. In response to remaining sentences of that paragraph concerning Senate Bill 150 and statutes governing the Cabinet for Health and Family Services, the Commonwealth states that those laws speak from themselves and denies any construction or interpretation of them that is inconsistent with their text.

16.     Paragraph 16 of the Complaint contains a legal conclusion to which to no responsive pleading is required. To the extent a response is required, the

Commonwealth admits that the Plaintiffs purport to make claims arising under 42 U.S.C §1983 over which the court has subject matter jurisdiction but denies that those claims have merit. The Commonwealth denies that the Plaintiffs' Complaint asserts a claim arising under the Affordable Care Act.

17.     Paragraph 17 of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth is without sufficient information to admit or deny the averments related to personal jurisdiction, and therefore denies those averments.

18.     Paragraph 18 of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, the Commonwealth is without sufficient information to admit or deny the averments in this paragraph concerning the residence of the parties, and therefore denies those averments. The Commonwealth further denies that the Plaintiffs' federal statutory and constitutional rights will be violated if Senate Bill 150 is enforced.

19.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 19 of the Complaint, and therefore denies those averments.

20.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 20 of the Complaint, and therefore denies those averments.

21.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 21 of the Complaint, and therefore denies those averments.

22.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 22 of the Complaint, and therefore denies those averments.

23.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 23 of the Complaint, and therefore denies those averments.

24.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 24 of the Complaint, and therefore denies those averments.

25.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 25 of the Complaint, and therefore denies those averments.

26.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 26 of the Complaint, and therefore denies those averments.

27.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 27 of the Complaint, and therefore denies those averments.

28.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 28 of the Complaint, and therefore denies those averments.

29.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 29 of the Complaint, and therefore denies those averments.

30.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 30 of the Complaint, and therefore denies those averments.

31.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 31 of the Complaint, and therefore denies those averments.

32.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 32 of the Complaint, and therefore denies those averments.

33.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 33 of the Complaint, and therefore denies those averments.

34.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 34 of the Complaint, and therefore denies those averments.

35. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 35 of the Complaint, and therefore denies those averments.

36. The Commonwealth is without sufficient information to admit or deny the averments in paragraph 36 of the Complaint, and therefore denies those averments.

37. The Commonwealth admits the averments in paragraph 37 of the Complaint.

38. The Commonwealth denies the averments in paragraph 38 of the Complaint.

39. In response to averments in paragraph 39 of the Complaint, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text.

40. In response to averments in paragraph 40 of the Complaint, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text.

41. The Commonwealth denies the averments contained in paragraph 41 of the Complaint.

42. In response to the averments in paragraph 42 of the Complaint, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text. The

Commonwealth also denies that Senate Bill 150 prohibits well-established or appropriate treatment.

43.     In response to the averments in the first through fourth sentences in paragraph 43 of the Complaint, the Commonwealth states it is without sufficient information to admit or deny these averments relating to conditions other than gender dysphoria, and therefore denies these averments. In response to the final sentence of this paragraph, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text. The Commonwealth denies that the medications described in this paragraph are safe for use to treat gender dysphoria in adolescents.

44.     In response to paragraph 44 of the Complaint, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text.

45.     The Commonwealth states it is without sufficient information to admit or deny the averments in paragraph 45 of the complaint, and therefore denies those averments.

46.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 46 of the Complaint and therefore denies those averments.

47.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 47 of the Complaint and therefore denies those averments.

48.    The Commonwealth is without sufficient information to admit or deny the averments in paragraph 48 of the Complaint and therefore denies those averments.

49.    The Commonwealth is without sufficient information to admit or deny the averments in paragraph 49 of the Complaint and therefore denies those averments.

50.    In response to the averments in paragraph 50 of the Complaint, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text. The Commonwealth further denies that Senate Bill 150 would prevent the Plaintiffs from receiving treatment for gender dysphoria.

51.    In response to the averments in paragraph 51 of the Complaint, the Commonwealth states that these averments contain a legal conclusion to which no response is required. To the extent a response is required, the Commonwealth is without sufficient information to admit or deny the averments in this paragraph and therefore denies those averments.

52.    The Commonwealth is without sufficient information to admit or deny the averments in paragraph 52 of the Complaint and therefore denies those averments.

53.    The Commonwealth is without sufficient information to admit or deny the averments in paragraph 53 of the Complaint and therefore denies those averments.

54.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 54 of the Complaint and therefore denies those averments.

55.     In response to the averments in paragraph 55 of the Complaint, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text. The Commonwealth further denies that Senate Bill 150 would prevent the Plaintiffs from receiving treatment for gender dysphoria.

56.     In response to the averments in paragraph 56 of the Complaint, the Commonwealth states that these averments contain a legal conclusion to which no response is required. To the extent a response is required, the Commonwealth is without sufficient information to admit or deny the averments in this paragraph and therefore denies those averments.

57.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 57 of the Complaint and therefore denies those averments.

58.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 58 of the Complaint and therefore denies those averments.

59.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 59 of the Complaint and therefore denies those averments.

60.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 60 of the Complaint and therefore denies those averments.

61.     In response to the averments in paragraph 61 of the Complaint, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text. The Commonwealth further denies that Senate Bill 150 would prevent the Plaintiffs from receiving treatment for gender dysphoria.

62.     In response to the averments in paragraph 62 of the Complaint, the Commonwealth states that these averments contain a legal conclusion to which no response is required. To the extent a response is required, the Commonwealth is without sufficient information to admit or deny the averments in this paragraph and therefore denies those averments.

63.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 63 of the Complaint and therefore denies those averments.

64.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 64 of the Complaint and therefore denies those averments.

65.     In response to the averments in paragraph 65 of the Complaint, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text. The

Commonwealth further denies that Senate Bill 150 would prevent the Plaintiffs from receiving treatment for gender dysphoria.

66.    In response to the averments in paragraph 66 of the Complaint, the Commonwealth states that these averments contain a legal conclusion to which no response is required. To the extent a response is required, the Commonwealth is without sufficient information to admit or deny the averments in this paragraph of the Complaint and therefore denies those averments.

67.    The Commonwealth is without sufficient information to admit or deny the averments in paragraph 67 of the Complaint and therefore denies those averments.

68.    The Commonwealth is without sufficient information to admit or deny the averments in paragraph 68 of the Complaint and therefore denies those averments.

69.    In response to the averments in paragraph 69 of the Complaint, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text. The Commonwealth further denies that Senate Bill 150 would prevent the Plaintiffs from receiving treatment for gender dysphoria.

70.    In response to the averments in paragraph 70 of the Complaint, the Commonwealth states that these averments contain a legal conclusion to which no response is required. To the extent a response is required, the Commonwealth is

without sufficient information to admit or deny the averments in this paragraph of the Complaint and therefore denies those averments.

71.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 71 of the Complaint and therefore denies those averments.

72.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 72 of the Complaint and therefore denies those averments.

73.     In response to the averments in paragraph 73 of the Complaint, the Commonwealth states that Senate Bill 150 speaks for itself and denies any construction or interpretation of it that is inconsistent with its text. The Commonwealth further denies that Senate Bill 150 would prevent the Plaintiffs from receiving treatment for gender dysphoria.

74.     In response to the averments in paragraph 74 of the Complaint, the Commonwealth states that these averments contain a legal conclusion to which no response is required. To the extent a response is required, the Commonwealth is without sufficient information to admit or deny the averments in this paragraph of the Complaint and therefore denies those averments.

75.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 75 of the Complaint and therefore denies those averments.

76.     The Commonwealth is without sufficient information to admit or deny the averments in paragraph 76 of the Complaint and therefore denies those averments.

77.     In response to the averments in paragraph 77 of the Complaint, the Commonwealth states that these averments contain a legal conclusion to which no response is required. To the extent a response is required, the Commonwealth is without sufficient information to admit or deny the averments in this paragraph of the Complaint and therefore denies those averments.

78.      In response to paragraph 78 of the Complaint, the Commonwealth incorporates herein by reference its responses to the preceding paragraphs, consistent with Fed. R. Civ. P. 10(c), as if set forth herein in their entirety.

79.     The Commonwealth states that paragraph 79 of the Complaint does not contain a factual averment to which a response is required. To the extent a response is required, the Commonwealth admits that the Parent Plaintiffs are asserting claims but denies that those claims have merit.

80.     In response to the first sentence of paragraph 80 of the Complaint, the Commonwealth states that *Troxel v. Granville*, 530 U.S. 57 (2000) speaks for itself and denies that this case supports the Parent Plaintiffs' claims. In response to the second sentence of paragraph 80, the Commonwealth states that those averments contain a legal conclusion to which no response is required. To the extent a response is required, the Commonwealth denies the fundamental rights of parents include the

right to insist on the administration of puberty blocking drugs and cross-sex hormones for their children's gender dysphoria.

81.    In response to paragraph 81 of the Complaint, the Commonwealth states that these averments contain a legal conclusion to which no response is required. To the extent a response is required, the Commonwealth denies the averments in paragraph 81 of the Complaint.

82.    In response to paragraph 82 of the Complaint, the Commonwealth states that these averments contain a legal conclusion to which no response is required. To the extent a response is required, the Commonwealth denies the averments in paragraph 82 of the Complaint.

83.    In response to paragraph 83 of the Complaint, the Commonwealth states that these averments contain a legal conclusion to which no response is required. To the extent a response is required, the Commonwealth denies the averments in paragraph 83 of the Complaint.

84.    In response to paragraph 84 of the Complaint, the Commonwealth incorporates herein by reference its responses to the preceding paragraphs, consistent with Fed. R. Civ. P. 10(c), as if set forth herein in their entirety.

85.    The Commonwealth states that paragraph 85 of the Complaint does not contain a factual averment to which a response is required. To the extent a response is required, the Commonwealth admits that the Plaintiffs are asserting claims but denies that those claims have merit.

86.    In response to paragraph 86 of the Complaint, the Commonwealth states that the Equal Protection Clause of the Fourteenth Amendment speaks for itself and denies any interpretation that is inconsistent with its text.

87.    The Commonwealth denies the averments in paragraph 87 of the Complaint.

88.    The Commonwealth denies the averments in paragraph 88 of the Complaint.

89.    The Commonwealth states that the averments in paragraph 89 contain a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Commonwealth denies that Senate Bill 150 makes a sex-based classification.

90.    The Commonwealth states that the averments in paragraph 90 contain a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Commonwealth denies those averments.

91.    The Commonwealth states that the averments in paragraph 91 contain a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Commonwealth denies those averments.

92.    The Commonwealth denies the averments in paragraph 92 of the Complaint.

93.    The Commonwealth denies that the Plaintiffs are entitled to the relief set for in their request for relief.

## AFFIRMATIVE DEFENSES

94.     The Commonwealth denies all averments set forth in the Plaintiffs' Complaint not specifically admitted above.

95.     Senate Bill 150 was duly enacted under the police power reserved to the Commonwealth under the Tenth Amendment to the United States Constitution to provide for the health, safety, and general welfare of children. This power includes the power to regulate the medical profession and the treatments deemed appropriate to treat gender dysphoria in minors.

96.     Senate Bill 150 does not implicate or abridge any fundament parental right guaranteed by the Fourteenth Amendment of the United States Constitution.

97.     Senate Bill 150 does not violate the Equal Protection Clause of the Fourteenth Amendment of the United States because it makes no suspect classification based on sex and withstands rational basis review.

98.     Even if the Senate Bills 150 were subject to heightened review, any classification made by Senate Bill 150 is substantially related to the important governmental objective of protecting minors in the Commonwealth from practices that the Commonwealth deems are unnecessary and harmful.

99.     Senate Bill 150 is constitutional under state and federal law.

100.    The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

101.    This Court is the improper venue for this action.

102.    The Plaintiffs lack standing to bring this suit.

19

103.    The Plaintiffs have failed to join parties that are necessary and indispensable to the resolution of this suit and are therefore in violation of Fed. R Civ. P. 19.

104.    The Commonwealth pleads all applicable affirmative defenses allowed under Fed. R. Civ. P. 8(c), including, but not limited to, estoppel, laches, release, res judicata, statute of limitations, waiver, unclean hands, and consent.

105.    The Commonwealth reserves its right to amend its answer to assert or raise additional affirmative defenses, as necessary, after discovery and an investigation into the facts and circumstances of this case.

WHEREFORE, the Intervening Respondent, Commonwealth of Kentucky *ex rel.* Attorney General Daniel Cameron, demands relief as follows:

A.      Dismissal of the Plaintiffs' Complaint with prejudice;

B.      Any other relief to which it is entitled.

Respectfully submitted,

Daniel Cameron
ATTORNEY GENERAL

/s/ Victor B. Maddox
Victor B. Maddox (KBA No. 43095)
Heather L. Becker (KBA No. 94360)
Jeremy J. Sylvester (KBA No. 92771)
Alexander Y. Magera (KBA No. 97708, admission application pending)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Victor.Maddox@ky.gov
Heather.Becker@ky.gov
Jeremy.Sylvester@ky.gov

Alexander.Magera@ky.gov

*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Daniel Cameron*

## CERTIFICATE OF SERVICE

I certify that on May 17 2023, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

/s/ Jeremy J. Sylvester
*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Daniel Cameron*