IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JANE DOE 1, *et al.*,<br><br>      *Plaintiffs,*<br><br>  v.<br><br>WILLIAM C. THORNBURY, JR., MD, in his official capacity as the President of the Kentucky Board of Medical Licensure, *et al.*,<br><br>      *Defendants.* | Civil No. 3:23-cv-00230-DJH |

## [PROPOSED] PRELIMINARY INJUNCTION

This matter having come before the Court upon the Motion for Preliminary Injunction filed by John and Jane Minor Does 1-3 and 5, and their parents, John and Jane Does 1-3 and 5, (collectively "Plaintiffs"); for good cause shown, it is hereby ORDERED that Plaintiffs' Motion for Preliminary Injunction is GRANTED.

On March 16, 2023, the Kentucky Legislature passed Senate Bill 150 ("SB 150"). Sections 4(2)(a) and (b) of SB 150 (the "Treatment Ban") are scheduled to take effect on June 29, 2023. These sections make it unlawful for a healthcare provider to administer any medicine, including puberty blockers and hormones, "for the purpose of attempting . . . to validate a minor's" gender identity. Plaintiffs seek to enjoin enforcement of the Treatment Ban until this Court issues a final judgment on the merits of their claims for relief.

The Court, having considered the pleadings, legal authority, and argument presented in support of Plaintiffs' Motion, as well as the sworn declarations submitted in support of that Motion, has found and concluded for the specific reasons required under Federal Rule of Civil Procedure 65(d) that Plaintiffs have demonstrated: (1) a likelihood of success on the merits, that they will

suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of equities tip in Plaintiffs' favor, and (4) that a preliminary injunction is in the public interest.

Plaintiffs have established a likelihood of success on the merits of their claim that the Treatment Ban violates the Due Process Clause of the Fourteenth Amendment by interfering with the Parent Plaintiffs' exercise of their fundamental rights to seek and determine medical care for their children. Plaintiffs have also established a likelihood of success on the merits of their claim that the Treatment Ban violates Plaintiffs' right to equal protection under the Fourteenth Amendment to the U.S. Constitution by making it unlawful to provide medically necessary care to transgender youth.

Plaintiffs have demonstrated that, absent injunctive relief preventing the Treatment Ban from taking effect, they will be denied medical care and suffer irreparable constitutional, physical, emotional, psychological, and other harms for which there is no adequate remedy at law. The balance of hardships between the injuries Plaintiffs will suffer and Defendants' interests weigh in favor of granting Plaintiffs' motion to preserve the status quo, and an injunction is in the public interest.

The Court finds that Plaintiffs are not required to provide security pursuant to Fed. R. Civ. P. 65(c).

IT IS THEREFORE ORDERED that Defendants, as well as their agents, employees, servants, attorneys, successors and any person in active concert or participation with them, are HEREBY ENJOINED, pending final judgment, from enforcing, threatening to enforce, or otherwise requiring compliance with the Treatment Ban.

IT IS FURTHER ORDERED that the security requirement of Fed. R. Civ. P. 65(c) is waived and that this injunctive relief is effective upon service.

Executed this ____ day of ____, 2023.

_____