UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISIVLLE DIVISION

*Electronically filed*

| | |
|---|---|
| DOE 1, *et al.*<br>  Plaintiffs<br><br>v.<br><br>THORNBURY, *et al.*<br>  Defendants | Civil Action No. 3:23-CV-00230-DJH |

**COMMONWEALTH OF KENTUCKY'S EMERGENCY MOTION
TO AMEND BRIEFING SCHEDULE PENDING INVERVENTION**

On May 17, 2023, the Commonwealth of Kentucky moved to intervene in the underlying lawsuit as a matter of right. *See* DN 16. At the time of the Commonwealth's motion, the Plaintiffs had not undertaken any meaningful steps to prosecute their complaint. Though there can be no meaningful objection to the Commonwealth's intervention, *see Cameron v. EMW Women's Surgical Center, P.S.C.*, 142 S. Ct. 1002, 1004 (2022) (holding that the Commonwealth "clearly has legitimate interest in in the continued enforceability of its own statutes" (internal quotations omitted)), the Plaintiffs have not responded to the Commonwealth's motion and are not required to do so before Friday, May 26.

Instead of responding to the Commonwealth's pending motion, at 4:49 p.m. on Monday, May 22, the Plaintiffs filed a motion for preliminary injunctive relief and a proposed agreed order on expedited briefing. The Plaintiffs and the named

1

Defendants appear to agree that expedited briefing is warranted. The Commonwealth—not a party to the negotiations of the proposed scheduling order—does not.

The Plaintiffs challenge Senate Bill 150, passed on March 29, 2023 by the Kentucky General Assembly during its 2023 regular session over Governor Andy Beshear's veto. *See* 2023 Ky. Acts Ch. 131. The Plaintiffs filed suit five weeks later, on May 3, 2023. Nearly three weeks after that, the Plaintiffs moved for relief. What has not been an emergency for *eight weeks* cannot become an emergency by the Plaintiffs' delay. Moreover, the Commonwealth should not be deprived of the time afforded under the local rules to respond to the motion. If the named Defendants desire expedited briefing, they may file a response to the Plaintiffs' motion for preliminary injunction in accord with the schedule they negotiated. To adequately respond to the motion, the Commonwealth needs 21 days from the date of filing. *See* Local Rule 7.1(c). Neither the Plaintiffs nor the named Defendants would be prejudiced by following the Local Rules in this instance, as Senate Bill 150 does not become effective until June 29, 2023.

Simply put, the train is leaving the station, and the Commonwealth has not been allowed to climb on board. The Commonwealth therefore requests that it be granted intervention in this matter on an expedited basis. Every day the Commonwealth is prevented from zealously defending its duly enacted law, the Commonwealth is prejudiced. The Commonwealth must be permitted to intervene as a matter of right to defend the constitutionality of challenged state law, and the

Commonwealth must not be required to do so on a briefing schedule agreed to by friendly foes.

An order is tendered herewith.

    Respectfully submitted,

    Daniel Cameron
    ATTORNEY GENERAL

    /s/ Heather L. Becker
    Victor Maddox (KBA No. 43095)
    Heather L. Becker (KBA No. 94360)
    Jeremy J. Sylvester (KBA No. 92771)
    Alexander Y. Magera (KBA No. 97708, admission application pending)
    Office of the Attorney General
    700 Capital Avenue, Suite 118
    Frankfort, Kentucky 40601
    Phone: (502) 696-5300
    Victor.Maddox@ky.gov
    Heather.Becker@ky.gov
    Jeremy.Sylvester@ky.gov
    Alexander.Magera@ky.gov

    *Counsel for the Commonwealth of Kentucky ex rel. Attorney General Daniel Cameron*

## CERTIFICATE OF SERVICE

I certify that on May 23, 2023, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

    /s/ Heather L. Becker
    *Counsel for the Commonwealth of Kentucky ex rel. Attorney General Daniel Cameron*