UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JANE DOE 1, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM C. THORNBURY, JR., M.D., in his official capacity as the President of the Kentucky Board of Medical Licensure, *et al.*, <br><br> Defendants. | **Civil Action No. 3:23-cv-00230** <br> *Electronically filed* |

## NO OBJECTION TO THE COMMONWEALTH OF KENTUCKY'S MOTION TO INTERVENE BY DEFENDANTS WILLIAM C. THORNBURY, JR. M.D. AND AUDRIA DENKER, R.N., IN THIER OFFICIAL CAPACITIES

Come now Defendants – William C. Thornbury, Jr. M.D., in his official capacity as President of the Kentucky Board of Medical Licensure ("KBML") and Audria Denker, R.N., in her official capacity as the President of the Kentucky Board of Nursing ("KBN"), – by and through counsel, to state they have no objection to Attorney General Cameron, on behalf of the Commonwealth of Kentucky's (the "Commonwealth"), participation in this action. The Commonwealth's timely motion to intervene satisfies all requirements of Federal Rule of Civil Procedure 24.

The KBML is the administrative agency tasked with regulating the practice of medicine and osteopathy in the Commonwealth of Kentucky, as set forth in KRS 311.530-.6208 (Kentucky's Medical Practice Act) and related regulations.

The KBN is the administrative agency tasked with regulating the practice of nursing, dialysis technicians, and licensed professional midwives in the Commonwealth of Kentucky, as set forth in

1

KRS Chapter 314 (Kentucky's Nursing Statutes) and related regulations.

Pursuant to the KBML's and KBN's statutory and regulatory authority, they license and discipline individuals who practice medicine, osteopathy and nursing in this state, and they only have jurisdiction over the licenses of their licensees to the extent allowed under their governing statutes and regulations. Defendants KBML and KBN were not involved in the creation or passage of Senate Bill 150 ("SB 150"). Their only responsibility related to this litigation would be to enforce Section 4(2)(a) and (b) of SB 150, should it be upheld.

Furthermore, KBML and KBN expect to work with the Commonwealth in defending this action. They are prepared to propose and help implement a plan for coordinated pretrial procedures, consolidated discovery and the like to simplify these proceedings and prevent duplication of work. Therefore, Defendants KBML and KBN expect that the Commonwealth's involvement in this litigation will not impede the ability to proceed in an efficient and speedy manner.

For the reasons set forth above, Defendants KBML and KBN have no objection to the Attorney General's request to intervene in this action.

Respectfully submitted,

*/s/ Nicole A. King*
Nicole A. King (KBA # 97866)
Assistant General Counsel
Kentucky Board of Medical Licensure
310 Whittington Parkway, Suite 1B
Louisville, Kentucky 40222
Tel. (502)429-7150
nicolea.king@ky.gov
*Counsel for Defendant Thornbury in his official capacity*

and

/s/ *Jeffrey R. Prather* (with permission)
Jeffrey R. Prather (KBA # 89306)
Kentucky Board of Nursing
312 Whittington Parkway, Suite 300
Louisville, KY 40222
Tel. (502)338-2851
jeffrey.prather@ky.gov
*Counsel for Defendant Denker in her official capacity*

**Certificate of Service**

I hereby certify that on May 25, 2023, I filed the above document via the CM/ECF system, which electronically served copies to all counsel of record.

/s/ *Nicole A. King*
Nicole A. King