UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>WILLIAM C. THORNBURY, JR., M.D., in his official capacity as the President of the Kentucky Board of Medical Licensure, *et al.*,<br><br>  Defendants. | **Civil Action No. 3:23-cv-00230**<br><br>*Electronically filed* |

**ANSWER TO COMPLAINT BY DEFENDANT ERIC FRIEDLANDER IN HIS OFFICIAL CAPACTITY AS SECRETARY OF THE CABINET FOR HEALTH AND FAMILY SERVICES**

Defendant Eric Friedlander, in his official capacity as the Secretary of the Cabinet for Health and Family Services ("Secretary"), through counsel, states the following in Answer to the Plaintiffs' Complaint:

1. As to Paragraphs 1 and 37 of the Complaint, the Secretary admits the Kentucky General Assembly voted to override Governor Beshear's veto and enacted SB 150.  The Secretary further admits the law will become effective on June 29, 2023.  SB 150 speaks for itself, and the Secretary denies any allegation or characterization inconsistent with the plain language of the law.  All other allegations contained within Paragraphs 1 and 37 appear to be legal conclusions to which no response is required.  To the extent a response is required, the Secretary denies the remaining statements in Paragraphs 1 and 37.

2. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 2 and 4, and, on that basis, denies the same.

3. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3, and, on that basis, denies the same.  The Secretary further states the law speaks for itself and denies any allegation or characterization inconsistent with the plain language of the law.  To the extent Paragraph 3 contains conclusions of law, no response is required.

4. The Secretary admits Paragraph 5, but denies Plaintiffs are entitled to any relief.

5. The Secretary lacks knowledge or information sufficient to form a belief about the truth of all allegations contained in Paragraphs 6 through 12, and, on that basis, denies the same.

6. As to Paragraphs 13 through 15, the Secretary admits William C. Thornbury, Jr., M.D. is President of the Kentucky Board of Medical Licensure, Audria Denker, R.N. is President of the Kentucky Board of Nursing, and Eric Friedlander is the Secretary of the Cabinet for Health and Family Services.  The Secretary further admits each is sued in his or her official capacity, and the address contained in each paragraph is the central location for the respective agency.  The Secretary denies that any relief awarded against any one of the named defendants would be proper.  The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations against the other Defendants.  The statutes cited by Plaintiffs in Paragraphs 13 through 15 speak for themselves, and the Secretary denies any allegation inconsistent with the plain language of each statute.

7. As to Paragraphs 16 through 18 of the Complaint, the Secretary denies that subject matter jurisdiction, personal jurisdiction and venue are proper to the extent the Plaintiffs lack standing to sue the Secretary.

8. The Secretary lacks knowledge or information sufficient to form a belief about the truth of all allegations contained in Paragraphs 19 through 36, and, on that basis, denies the same. To the extent that these paragraphs include citations to other sources, the sources speak for themselves.

9. The Secretary lacks knowledge or information sufficient to form a belief about the truth of all allegations contained in Paragraphs 38 through 47, and, on that basis, denies the same. To the extent Paragraphs 38 through 47 attempt to summarize, refer, or cite to a statute, the statute speaks for itself, and the Secretary denies any allegation or characterization inconsistent with the plain language of the statute. To the extent these paragraphs contain conclusions of law, no response is required.

10. The Secretary lacks knowledge or information sufficient to form a belief about the truth of all allegations contained in Paragraphs 48 through 77, and, on that basis, denies the same. To the extent these paragraphs contain conclusions of law, no response is required.

11. Paragraphs 78 through 92 appear to contain conclusions of law or legal arguments, to which no response is required. To the extent a response is required, the Secretary denies all allegations contained in Paragraphs 78 through 92. To the extent Paragraphs 78 through 92 include citations to the United States Constitution, statutes, and/or case law, the Constitution, statutes, and case law speak for themselves.

12. The Secretary denies any allegation in any paragraph not specifically admitted.

13. The Secretary denies all requests for relief sought by Plaintiffs and asserts Plaintiffs are entitled to no relief against the Secretary whatsoever.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against the Secretary upon which relief can be granted.
2. Plaintiffs lack standing to bring this action against the Secretary.
3. To the extent Plaintiffs' alleged injuries, which are the subject of this action, are the result of actions of anyone other than the Secretary, Plaintiffs' claims are barred, in whole or in part, by the actions of said other parties.
4. The Secretary pleads all applicable affirmative defenses allowed under FRCP 8(c).
5. The Secretary reserves the right to amend this Answer and to raise additional affirmative defenses and to assert any third-party complaints, counterclaims, or crossclaims, as necessary.

WHEREFORE, the Secretary requests that this Court:

1. Dismiss the Complaint against the Secretary with prejudice;
2. Enter a judgment in favor of the Secretary and deny any relief requested by the Plaintiffs;
3. Deny Plaintiffs' request for declaratory and/or injunctive relief as to the Secretary;
4. Deny Plaintiffs' request for fees and costs as to the Secretary;
5. Award the Secretary reasonable attorney's fees and costs; and
6. Grant any further relief to which the Secretary may be entitled.

Respectfully submitted,

*/s/ Wesley W. Duke*
Wesley W. Duke
General Counsel
Cabinet for Health and Family Services
275 East Main Street
Frankfort, Kentucky 40621
Tel. (502) 564-7042
WesleyW.Duke@ky.gov
Counsel for Defendant Eric Friedlander

## Certificate of Service

I certify I filed the above document via the CM/ECF system on May 26th, 2023, which electronically served copies to all counsel of record.

*/s/ Wesley W. Duke*
Wesley W. Duke
General Counsel
Cabinet for Health and Family Services
275 East Main Street
Frankfort, Kentucky 40621
Tel. (502) 564-7042
WesleyW.Duke@ky.gov
Counsel for Defendant Eric Friedlander