IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JANE DOE 1, *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>WILLIAM C. THORNBURY, JR., MD, in his official capacity as the President of the Kentucky Board of Medical Licensure, *et al.*,<br><br>　　　　*Defendants*. | No. 3:23-cv-00230-DJH |

**PLAINTIFFS' OPPOSITION TO ATTORNEY GENERAL CAMERON'S MOTION TO INTERVENE**

**I.　　Introduction**

Plaintiffs sue to enjoin Sections 4(2)(a) and (b) of the Senate Bill 150, which will ban medically necessary treatments for gender dysphoria in transgender adolescents (the "Healthcare Ban"). Absent intervention by this Court, the Healthcare Ban will go into effect on June 29, 2023, disrupting and preventing necessary medical care for transgender adolescents across Kentucky. The defendants are the government officials who will be charged with enforcing SB 150: the President of the Kentucky Board of Medical Licensure, the President of the Kentucky Board of Nursing, and the Secretary of the Cabinet for Health and Family Services. Attorney General Daniel Cameron, who is not charged with enforcing SB 150, has moved to intervene. That motion should be denied.

Rule 24 provides for two types of intervention: intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24(a)-(b). Neither is appropriate here. Cameron's intervention is unnecessary because the Commonwealth's interests are adequately represented by the existing defendants, who are the only government officials statutorily authorized to enforce SB 150. The

1

defendants already have answered the complaint, agreed to an expedited briefing schedule to ensure Plaintiffs' motion for preliminary injunction is heard before SB 150 takes effect, and are otherwise defending the action. Cameron's intervention also is untimely, insofar as Cameron simultaneously has moved to delay briefing and decision on Plaintiffs' pending motion for preliminary injunction. Permitting SB 150 to go into effect to allow Cameron to participate in the preliminary injunction proceedings would prejudice Plaintiffs and needlessly imperil access to lifesaving medical care for minors across the Commonwealth. Accordingly, intervention should be denied.

## II.  Intervention as a Matter of Right is Improper.

Cameron "must establish four elements to be entitled to intervene as of right: (1) that the motion to intervene was timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that its ability to protect that interest may be impaired by the absence of intervention; and (4) that the parties already before the court may not adequately represent its interest." *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007). Cameron "must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (internal quotations and citations omitted).

   1. *The intervention is not timely to the extent Cameron is not ready to participate as a party*

The Sixth Circuit has identified five factors to be considered in deciding whether a motion to intervene was timely filed: (1) the point to which the suit has progressed; (2) the purposes for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew

or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011). "No one factor is dispositive, but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Id.* (quoting *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000).

Cameron was aware of the lawsuit when it was filed, but waited 14 days to seek to intervene. In fact, on May 4, 2023 using the Attorney General Twitter account @kyoag Cameron stated, "Yesterday, the ACLU filed a lawsuit challenging SB 150, and my office plans to intervene to defend this law and help keep Kentucky's kids safe." Under these unusual circumstances, that delay is significant because Cameron also seeks to extend the stipulated and Court-approved briefing schedule for Plaintiffs' motion for preliminary injunction.

On May 23, 2023, the Court adopted the Joint Agreed Order for Briefing Schedule for the Plaintiffs' Motion for Preliminary Injunction providing for a fourteen-day response time for Defendants and thereafter, seven days for Plaintiffs to reply. DN 20. Within minutes of the order being docketed, Cameron filed an Emergency Motion to Amend the Briefing Schedule stating "to adequately respond to the motion, the Commonwealth needs 21 days from the date of filing …. Simply put, the train is leaving the station, and the Commonwealth has not been allowed to climb on board." DN 22 at 345.

Any delay in briefing would prevent the Court from having time to consider briefing, conduct a hearing, and issue an order on the requested preliminary injunction prior to the June 29, 2023, effective date of the Healthcare Ban. Delay to accommodate Cameron will (i) prejudice minors' (including the Minor Plaintiffs) access to medically necessary healthcare; (ii) prejudice parents' (including the Parent Plaintiffs) rights to make critical medical decisions for their children;

(iii) affect Defendants' ability to clearly provide licensing guidance to doctors, nurses and all other medical providers in the Commonwealth; and (iv) affect medical facilities seeking guidance on whether and how to practice medicine in light of the Healthcare Ban. This prejudice and delay weighs against Cameron's intervention because of the Healthcare Ban's unusually wide-ranging impact.

If Cameron is allowed to intervene and his motion to extend the stipulated briefing schedule is granted, Plaintiffs may be forced to seek a temporary restraining order to avoid the extreme prejudice and imminent harm to Minor Plaintiffs, Parent Plaintiffs, and transgender adolescents residing in Kentucky that would be affected by the Healthcare Ban, leading to an additional judicial burden on the Courts and on the resources of all parties involved.

   2.   *The defendants adequately represent the Commonwealth's interest.*

"Applicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit." *Reliastar Life Ins. Co. v. MKP Investments*, 565 F. App'x 369, 373 (6th Cir. 2014) (citing *Michigan*, 424 F.3d at 443). "[A] presumption of adequate representation arises when a putative intervenor share[s] the same ultimate objective as a party to the suit." *Reliastar Life Ins. Co.*, 565 F.App'x at 373; *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). In particular, "[a]n applicant for intervention as of right fails to meet his burden of demonstrating inadequate representation if he cannot show collusion … between the representatives and an opposing party, pursuit by the representative of an interest adverse to the interests of the proposed intervenor, or a representative's failure in the fulfillment of his duty." *Id*.

Cameron's motion fails to establish "that the parties already before the court may not adequately represent [his] interest." *Northland Family Planning Clinic, Inc.,* 487 F.3d at 343. Cameron asserts: "The other Defendants, although named in the official capacities as officers of

4

the Commonwealth, also cannot provide adequate representation of the Commonwealth's interest in defending its laws." DN 16 at 84. This contention is wholly conclusory. Cameron cites no evidence nor even attempts to explain why the named defendants and officials representing the Commonwealth's interest in their official capacities cannot provide adequate representation. That the named Defendants are appointed by the Governor provides no grounds to question their capacity to defend the Commonwealth's interests. *See, e.g.*, *Michigan,* 424 F.3d at 444 (proposed intervenors did not demonstrate inadequate representation where "[r]ather than identifying any weakness in the state's representation in the current proceedings, the proposed intervenors seem more concerned about what will transpire in the future").

There is no indication that the named Defendants will not provide a robust defense of the law—they already have answered the complaint, asserted numerous defenses, and negotiated a preliminary injunction briefing schedule. Nor does Cameron's role as the Attorney General necessarily mandate his participation in the case as his office has no role in either enforcing or implementing the Healthcare Ban. Public enforcement of the Healthcare Ban falls entirely and exclusively on the defendants, SB 150 § 4(4), and SB 150 imposes no criminal penalties that would fall under the jurisdiction of the Attorney General's office. Rather, Cameron seeks the same exact outcome as the Defendants: defending the constitutionality of the right to revoke professional licenses, as provided in SB 150.

All Defendants have already filed their answer asserting five affirmative defenses: (1) the Complaint fails to state a claim; (2) Plaintiffs lack standing; (3) Plaintiffs' claims are barred by the actions of other parties; (4) Defendants KBML and KBN plead all applicable affirmative defenses allowed under FRCP 8(c); and (5) Defendants reserve the right to assert additional defenses and

counter claims. *See* DN 15 at 78; DN 25 at 357. Cameron's proposed Answer asserts all of those affirmative defenses as well. *See* DN 16-1 at 105-106.

Further, "[a] mere disagreement over litigation strategy … does not, in and of itself, establish inadequacy of representation." *Milliken*, 828 F.2d at 1192. Cameron's and the Defendants' ultimate objectives are identical. *See also Michigan*, 424 F.3d at 444 (legal representation adequate where relief requested by proposed intervenors "is nearly identical" to that requested by original party); *Reliastar Life Ins. Co.*, 565 F. App'x at 373 (legal representation adequate where no difference in "desired resolution" of proposed intervenor and existing party). Cameron has not shown Defendants' inability or refusal to adequately defend the constitutionality of SB 150's Section 4, or Defendants' pursuit of an interest adverse to the Attorney General. Cameron's unsupported assertion that Defendants are "friendly foes," [DN 22 at 346], moreover, is not sufficient to warrant intervention. *See Reliastar Life Ins. Co.*, 565 F.App'x at 374 (intervention was not appropriate where "there is nothing to support the … assertion that [the original party] cannot fend for itself or will only litigate the … action half-heartedly"); DN 22 at 346.

The Commonwealth's interests are adequately represented by the Secretary of the Cabinet for Health and Family Services and other Defendants. Cameron accordingly has failed to meet all four of the necessary criteria needed to intervene as of right.

### III.    Permissive Intervention is Improper Because of Undue Prejudice to the Parties.

Intervention under Rule 24(b)(1) is permissible where (1) the motion to intervene is timely, and (2) the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Pursuant to Rule 24(b)(2), "[o]n timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's

claim or defense is based on … a statute or executive order administered by the officer or agency." Fed. R. Civ. P. 24(b)(2)(A). "In exercising its discretion" under subsection (b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

As stated above, no claim or defense in this case is based on any statute administered or enforced by the Attorney General's office, because SB 150 grants enforcement authority only to the named Defendants. And for all the reasons explained intervention by Cameron could needlessly delay preliminary injunction proceedings. Permissive intervention accordingly should be denied.

### IV.   Conclusion

For all of the foregoing reasons, Cameron's motion to intervene should be denied.

Dated: May 26, 2023                     Respectfully Submitted,

/s/ Corey Shapiro
Corey Shapiro
Heather Gatnarek
Crystal Fryman
Kevin Muench
ACLU OF KENTUCKY FOUNDATION
325 W. Main St. Suite 2210
Louisville, KY 40202
(502) 581-9746
corey@aclu-ky.org
heather@aclu-ky.org
crystal@aclu-ky.org
kevin@aclu-ky.org

Christopher F. Stoll*
Kelly Jo Popkin*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
(415) 365-1320
cstoll@nclrights.org
kpopkin@nclrights.org

Stephanie Schuster*
Randall M. Levine*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
(202) 739-3000
stephanie.schuster@morganlewis.com
randall.levine@morganlewis.com

Amanda J. Ford*
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
(617) 431-7700
amanda.ford@morganlewis.com

*po hac vice application forthcoming

Counsel for Plaintiffs

8

**CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing was filed with the Court using the CM/ECF system on May 26, 2023, which will generate an electronic notice of filing to all counsel registered with that service.

          */s/ Corey Shapiro*
          Corey Shapiro