UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISIVLLE DIVISION

*Electronically filed*

| | |
|---|---|
| DOE 1, *et al.*<br>    Plaintiffs<br><br>v.<br><br>THORNBURY, *et al.*<br>    Defendants | Civil Action No. 3:23-CV-00230-DJH |

## COMMONWEALTH OF KENTUCKY'S REPLY
## IN SUPPORT OF MOTION TO INVERVENE

The Commonwealth of Kentucky *ex rel.* the Attorney General Daniel Cameron is entitled to intervene in this matter. The Plaintiffs' arguments to the contrary lack merit.

The Commonwealth is entitled to intervene as a matter of right. First, the Commonwealth's motion to intervene was timely filed. In fact, the Commonwealth moved to intervene before all of the named Defendants filed a responsive pleading and before the Plaintiffs took any meaningful steps to advance their case. The Commonwealth of Kentucky filed its motion to intervene and tendered its answer to the complaint on May 17, 2023, a mere two weeks after the Plaintiffs filed suit. The Commonwealth's motion was filed before the named Defendants' deadline to file a responsive pleading and within hours of Defendants Thornbury and Denker filing their combined answer to the complaint. Defendant Friedlander did not file his

1

answer until May 26, 2023. The Plaintiffs did not move for any relief until the end of the day on May 22, 2023 when they filed their motion for preliminary injunction. That the Plaintiffs and the named Defendants negotiated and tendered an agreed order for expedited briefing on the motion for preliminary injunction is irrelevant. Within an hour of Plaintiffs' filing of their motion for preliminary injunction, the Commonwealth moved the Court to rule on its motion to intervene in an expedited fashion and allow the Commonwealth until June 12, 2023 to file its response to the motion for preliminary injunction. This deadline would give the Commonwealth the full 21 days allowed for a response under Local Rule 7.1(c) and allow briefing to be complete well in advance of SB 150's effective date.

Second, the Commonwealth has a sufficient legal interest in this matter. The Commonwealth "clearly has legitimate interest in in the continued enforceability of its own statutes." *Cameron v. EMW Women's Surgical Center, P.S.C.*, 142 S. Ct. 1002, 1004 (2022) (quoting *Maine v. Taylor,* 477 U.S. 131, 137 (1986)).

The Plaintiffs now oppose the Commonwealth's motion to intervene. They argue that Attorney General Daniel Cameron has no right to intervene because his Office is not charged with enforcing the challenged provisions of Senate Bill 150. They further argue that the motion to intervene was untimely and would prejudice the Plaintiffs' pursuit of injunctive relief prior to Senate Bill 150's effective date of June 29. Last, they argue that the other Defendants may adequately defend the constitutionality of Senate Bill 150 obviating "Cameron's" right to intervene. The arguments have no support in law or fact.

First, the Plaintiffs mispresent that it is Attorney General who is seeking to intervene. It is not. The Commonwealth seeks to protect its duly enacted law from constitutional attack. As stated in its motion, the Attorney General is the Commonwealth's "chief law officer," Ky. Rev. Stat. § 15.020, and must "enter his appearance in *all* cases, hearings, and proceedings . . . and attend to *all* litigation and legal business in or out of the state required of him by law, or *in which the Commonwealth has an interest*," *id.* (emphasis added). According to Kentucky's highest court, "[t]here is no question as to the right of the Attorney General to appear and be heard in a suit brough by someone else in which the constitutionality of statute is involved." *Commonwealth ex rel. Hancock v. Paxton*, 516 S.W.3d 865, 868 (Ky. 1974); *see also*, Ky. Rev. Stat § 418.075(1) (noting the Attorney General is "entitled to be heard" in "any proceeding that involves this the validity of a statute."). The Attorney General, as the chief law enforcement officer of the Commonwealth, "asserts a substantial legal interest that sounds in deeper, constitutional considerations" of state sovereignty by seeking to defend the enforceability of Senate Bill 150. *Cameron*, 142 S. Ct. at 1011. It is thus of no consequence whether the Attorney General is involved in Senate Bill 150's enforcement scheme. The sovereign has identified, by law, its designated legal representative—the Attorney General. No other state official is vested with the duty to represent the Commonwealth's interests in this matter. Absent granting intervention, the Commonwealth's sovereign interests will go undefended.

Plaintiffs' argument that the Attorney General's motion to intervene was untimely is also unfounded. The motion was filed on the same day two defendants answered the complaint, before Defendant Friedlander filed his answer, and before the Plaintiffs filed their motion or preliminary injunction. Despite the fact that the Commonwealth's motion was filed in this case's infancy, the Plaintiffs assert that they will be prejudiced because the Commonwealth requested seven additional days to file its response to the motion for preliminary injunction beyond the deadline to which the plaintiffs and defendants agreed without any input from the Commonwealth. The Plaintiffs claim that if responses are delayed later than they proposed, the Court cannot possibly rule on the motion for preliminary injunction before Senate Bill 150 goes into effect on June 29. The Court is clearly capable of holding any necessary hearings and rendering a ruling on or before June 29, even if the Commonwealth is granted an additional seven days to file its response.[1] Moreover, the Plaintiffs strategically waited five weeks after the bill's passage to file their complaint, and then waited more than two more weeks after that to file their motion for preliminary injunction. The Plaintiffs complain about a "time crunch" of their own making.

Last, the Plaintiffs fail to appreciate the unique structure of the Commonwealth's executive branch by arguing that the Attorney General is not entitled to represent the interest of the Commonwealth simply because the

---

[1] The Plaintiffs claim that they may be "forced" to seek a temporary restraining order. The Commonwealth would oppose such relief. However, the availability of a temporary restraining order undercuts the Plaintiffs' argument.

Defendants purport to represent the Commonwealth's interest too. "Respect for state sovereignty must take into account the authority of a State to structure its executive branch in a way that empowers multiple offices to defend its sovereign interests in federal court." *Cameron*, 142 S. Ct at 1011 (citation omitted). The Kentucky General Assembly has expressly designated the Attorney General to defend the Commonwealth and its laws. Ky. Rev. Stat. § 15.020; Ky. Rev. Stat. § 418.075. It is of no consequence that other state officials may also defend its laws. *Id*. at 1013.

Apart from the right to intervene, the Commonwealth must be granted permissive intervention. Under Rule 24(b)(2), an intervenor can intervene permissively if the motion to intervene is timely and if the intervenor alleges "at least one common question of law or fact" that is already raised in the pending lawsuit. *Michigan*, 424 F.3d at 445 (discussing Fed. R. Civ. P. 24(b)(1)(B)). The Attorney General's intervention into this case on behalf of the Commonwealth also raises "at least one common question of law or fact" since the Commonwealth seeks to intervene as a defendant specifically to address the constitutional challenges the Plaintiffs raised in this action. For the reasons discussed above, this motion is timely and will not prejudice the existing parties or unduly delay the resolution of this matter. Permissive intervention is appropriate.

For these reasons stated here and in is motion to intervene, the Court should grant the Commonwealth's motion to intervene so that it may defend the constitutionality of Senate Bill 150.

Respectfully submitted,

Daniel Cameron
ATTORNEY GENERAL

/s/ Jeremy J. Sylvester
Victor B. Maddox (KBA No. 43095)
Heather L. Becker (KBA No. 94360)
Jeremy J. Sylvester (KBA No. 92771)
Alexander Y. Magera (KBA No. 97708
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Victor.Maddox@ky.gov
Heather.Becker@ky.gov
Jeremy.Sylvester@ky.gov
Alexander.Magera@ky.gov
*Counsel for the Commonwealth of Kentucky*
 *ex rel. Attorney General Daniel Cameron*

## CERTIFICATE OF SERVICE

I certify that on May 26, 2023, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

/s/ Jeremy J. Sylvester
*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Daniel Cameron*