UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JANE DOE 1 et al., | Plaintiffs, |
| v. | Civil Action No. 3:23-cv-230-DJH |
| WILLIAM C. THORNBURY, JR., MD, in his official capacity as the President of the Kentucky Board of Medical Licensure et al., | Defendants. |

\* \* \* \* \*

### ORDER

Attorney General Daniel Cameron moves to intervene on behalf of the Commonwealth of Kentucky in this action challenging the constitutionality of Senate Bill 150, which bans certain medical treatments for transgender minors. (Docket No. 16; *see* D.N. 2)  Plaintiffs—seven transgender minors and their parents—oppose intervention (D.N. 26), while Defendants William C. Thornbury, Jr., MD (President of the Kentucky Board of Medical Licensure), and Audria Denker, RN (President of the Kentucky Board of Nursing), both sued in their official capacities, do not object.  (D.N. 23)  Defendant Eric Friedlander, sued in his official capacity as Secretary for the Cabinet of Health and Family Services, did not respond to the motion despite the Court's direction to do so.  (*See* D.N. 21)

Federal Rule of Civil Procedure 24 provides for intervention of right, Fed. R. Civ. P. 24(a), and permissive intervention, Fed. R. Civ. P. 24(b).  Cameron argues that he is entitled to intervene under either subsection of the rule, while Plaintiffs maintain that neither applies.  Because the Court finds that permissive intervention is appropriate, it need only address the parties' arguments as to subsection (b).  *See Buck v. Gordon*, 959 F.3d 219, 223 (6th Cir. 2020) (quoting *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018)).

Cameron seeks permissive intervention pursuant to Rule 24(b)(1), which provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." (*See* D.N. 16, PageID.81, 85-86) "In exercising its discretion" under subsection (b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, Plaintiffs' sole objection to permissive intervention is that "intervention by Cameron could needlessly delay preliminary injunction proceedings" in light of Cameron's opposition to the expedited briefing schedule agreed to by Plaintiffs and Defendants.[1] (D.N. 26, PageID.365; *see id.*, PageID.361-62) The Court "enjoy[s] broad discretion in matters of pretrial management, scheduling, and docket control," however, and will exercise that discretion so as to ensure that Cameron's intervention does not unduly delay the proceedings or prejudice the plaintiffs. *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006) (citations omitted). For the same reason, Cameron's scheduling request does not render the motion to intervene untimely. (*See* D.N. 26, PageID.360 (arguing that "Cameron's intervention . . . is untimely, insofar as Cameron simultaneously has moved to delay briefing and decision on Plaintiffs' pending motion for preliminary injunction")) And the Commonwealth undoubtedly "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B)—a point Plaintiffs do not contest. *See Commonwealth ex rel. Hancock v. Paxton*, 516 S.W.2d 865, 868 (Ky. 1974) ("There is no question as to the right of the Attorney General to appear and be heard in a suit brought by someone else in which the constitutionality of a statute is involved." (citing Ky. R. Civ. P. 24.03; Ky. Rev. Stat. § 418.075)). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

---

[1] Cameron's motion to amend the briefing schedule (D.N. 22) will be addressed by separate order.

**ORDERED** that the motion to intervene (D.N. 16) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the tendered intervening answer (D.N. 16-1) in the record of this matter.

June 1, 2023

David J. Hale, Judge
United States District Court