UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JANE DOE 1 et al.,                                                                  Plaintiffs,

v.                                                              Civil Action No. 3:23-cv-230-DJH

WILLIAM C. THORNBURY, JR., MD, in
his official capacity as the President of the
Kentucky Board of Medical Licensure et al.,                   Defendants.

\* \* \* \* \*

**<u>ORDER</u>**

On May 23, 2023, the Court entered Plaintiffs' and Defendants' agreed order setting an expedited briefing schedule in this action challenging the constitutionality of Senate Bill 150, which is scheduled to take effect on June 29, 2023. (D.N. 20; *see* D.N. 2, PageID.12) Later that day, Attorney General Daniel Cameron, who was not a party to the action, filed an "emergency motion" seeking amendment of the briefing schedule. (D.N. 22) The basis of the purported emergency is Cameron's disagreement "that expedited briefing is warranted." (*Id.*, PageID.345; *see id.*, PageID.344-45 ("The Plaintiffs and the named Defendants appear to agree that expedited briefing is warranted. The Commonwealth—not a party to the negotiations of the proposed scheduling order—does not.")) Cameron maintains that "[t]o adequately respond to the motion, the Commonwealth needs 21 days from the date of filing." (*Id.*, PageID.345 (citing LR 7.1(c)))

Cameron's motion to amend the briefing schedule does not present an emergency and should not have been styled as such. Moreover, Cameron's reliance on Local Rule 7.1 is misplaced: the rule provides that "*[u]nless otherwise ordered by the Court*, a party opposing a motion must file a response within 21 days of service of the motion." LR 7.1(c) (emphasis added). Nevertheless, the Court agrees that some additional time is warranted given that the

Commonwealth had not yet formally entered the case at the time the briefing schedule was set. (*See* D.N. 38 (granting motion to intervene))  Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Cameron's motion to amend the briefing schedule (D.N. 22) is **GRANTED** in part. Cameron shall respond to the motion for preliminary injunction (D.N. 17) on or before **June 9, 2023**.  Plaintiffs shall reply on or before **June 16, 2023**.

(2) No later than the **close of business June 5, 2023**, the parties shall advise the Court of their respective positions as to whether a hearing is necessary on the motion for preliminary injunction.  *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007) (observing that "[the Sixth Circuit's] Rule 65 jurisprudence indicates that a hearing is only required when there are disputed factual issues, and not when the issues are primarily questions of law" (citations omitted)).

June 1, 2023

David J. Hale, Judge
United States District Court