UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JANE DOE 1, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br><br> WILLIAM C. THORNBURY, JR., M.D., in his official capacity as the President of the Kentucky Board of Medical Licensure, *et al.,* <br><br> Defendants. | Civil Action No. 3:23-cv-00230 <br> *Electronically filed* |

**RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BY DEFENDANTS WILLIAM C. THORNBURY, JR. M.D. AND AUDRIA DENKER, R.N., IN THIER OFFICIAL CAPACITIES**

Come now Defendants – William C. Thornbury, Jr. M.D., in his official capacity as President of the Kentucky Board of Medical Licensure ("KBML") and Audria Denker, R.N., in her official capacity as the President of the Kentucky Board of Nursing ("KBN") – by and through counsel, to respectfully respond to the Plaintiffs' Motion for a Preliminary Injunctive Order [DN 17].

The KBML and KBN are the administrative agencies tasked with regulating healthcare providers – not creating and enacting the law they are statutorily required to enforce. Plaintiffs seem to agree to this much despite naming the KBML and KBN as Defendants in this lawsuit. As Plaintiffs note, KBML and KBN's only role is to "'revoke [a] health care provider's licensure or certification,' if, after completion of the agency's disciplinary and hearing process, they find the provider violated the Treatment Ban." Plaintiffs' Motion [DN 17] at 9, quoting SB 150 at § 5. Insofar as the practical application of the injunction is concerned, it would behoove KBML/KBN-

licensees and their patients for the Court to grant the injunction and maintain the status quo pending final ruling on the merits of the suit, to avoid potentially unnecessary cost, time, and harmful exposure should Plaintiffs be successful.

Plaintiffs' primary allegation is the constitutionality of SB 150, not its enforcement scheme. The Kentucky General Assembly designated the Attorney General - the Commonwealth's "chief law officer" - to defend the Commonwealth and its laws. Ky. Rev. Stat. § 15.020; Ky. Rev. Stat. § 418.075. Therefore, the Attorney General filed a Motion to Intervene on behalf of the Commonwealth [DN 16] and noted that "[n]o other state official is vested with the duty to represent the Commonwealth's interests in this matter." Commonwealth Reply in Support [DN 27] at 3. The Court granted its motion. [DN 38] It is the Attorney General, not KBML or KBN, that has an interest in protecting the enacted law from constitutional attack.

For the above-stated reasons, the KBML and KBN defer to the Commonwealth's Response, but otherwise have no objection to Plaintiffs' Motion for Preliminary Injunctive Relief. Similarly, the KBML and KBN do not believe their position on the Motion requires a hearing, but again defer to the Commonwealth.

Respectfully submitted,

*/s/ Nicole A. King*
Nicole A. King (KBA # 97866)
Assistant General Counsel
Kentucky Board of Medical Licensure
310 Whittington Parkway, Suite 1B
Louisville, Kentucky 40222
Tel. (502)429-7150
nicolea.king@ky.gov
*Counsel for Defendant Thornbury in his official capacity*

and

        */s/ Jeffrey R. Prather   (with permission)*
        Jeffrey R. Prather (KBA # 89306)
        Kentucky Board of Nursing
        312 Whittington Parkway, Suite 300
        Louisville, KY 40222
        Tel. (502)338-2851 jeffrey.prather@ky.gov
        *Counsel for Defendant Denker in her official capacity*

**Certificate of Service**

    I hereby certify that on June 2, 2023, I filed the above document via the CM/ECF system, which electronically served copies to all counsel of record.

        */s/ Nicole A. King*
        Nicole A. King