UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISIVLLE DIVISION

*Electronically filed*

| | |
|---|---|
| DOE 1, *et al*.<br>　　　Plaintiffs | |
| v. | Civil Action No. 3:23-CV-00230-DJH |
| THORNBURY, *et al*.<br>　　　Defendants | |
| and | |
| COMMONWEALTH OF KENTUCKY,<br>*ex rel*. ATTORNEY GENERAL DANIEL<br>CAMERON<br>　　　Intervening Defendant | |

---

**COMMONWEALTH OF KENTUCKY'S RESPONSE
TO COURT ORDER [DN 40]**

---

On June 1, 2023, the Court granted the Commonwealth of Kentucky's motion to intervene in this lawsuit, s*ee* DN 38, and ordered the Commonwealth to respond to the Plaintiffs' motion for preliminary injunction on or before June 9, 2023, *see* DN 40. The Court also ordered that all parties "shall advise the Court of their respective positions as to whether a hearing is necessary on the motion for preliminary injunction" before the close of business on June 5, 2023. *Id.*  In compliance with this order, it is the Commonwealth's position that a hearing is not necessary for two reasons.

First, for the Court to determine the likelihood of success of Plaintiffs' claims on the merits, the Court need only answer questions of law. As the Commonwealth will explain in its response to the motion for preliminary injunction, Senate Bill 150 does not draw a suspect classification, nor does it implicate any fundamental rights. Because the success of Plaintiffs' claims hinges on these questions of law, rather than any material facts, a hearing is not required. *Certified Restoration Dry Cleaning Network, LLC, v. Tenke Corp.*, 511 F.3d 355, 552 (6th Cir. 2007).

Second, the Commonwealth will submit written declarations establishing the rationale for the Kentucky General Assembly's policy decision to prohibit the administration of puberty blockers and cross-sex hormones to gender dysphoric children. These declarations include expert endocrinologists and psychiatrists who debunk the myth that these protocols are proven safe and effective at reducing psychological stress, both in the near and long term, in people with gender dysphoria.[1] These experts will also note that health authorities in the United Kingdom, Finland, Sweden, France, and Norway have already recommended against the use of these protocols on children, vastly changing the national health policy in each of those nations and removing their imprimatur previously extended to the very same experimental medical practices prohibited by Senate Bill 150. The Commonwealth also intends to submit declarations from individuals who support Senate Bill 150 because they have experienced care under this experimental protocol and suffered greatly because of it. The Kentucky General Assembly heard

---

[1]  The Court may also take judicial notice of the public health statements and medical journal articles cited in these declarations under Fed. R. Evid. 803(18)(B).

sworn testimony about these issues in committee hearings prior to passing the bill, supporting and informing the rationality of the policy decision codified by Senate Bill 150.

The Plaintiffs and their experts may offer a contrary view, but their opinions amount to second guessing the legislature's policy choices in the exercise of its police power to regulate the medical profession to protect the general welfare of children. *See Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228, 2284 (2022) (noting a state's health and welfare laws are entitled to strong presumption of validity); *Gonzales v. Carhart*, 550 U.S. 124, 157 (2007)("[T]he State has a significant role to play in regulating the medical profession."); *Kottmyer v. Maas*, 436 F.3d 684, 690 (6th Cir. 2006) (noting that governments have compelling interest in protecting children). Legislative findings are entitled to significant deference and the Court need not, and should not, decide which side is correct in a debate among health care professionals about the appropriate manner to treat children with gender dysphoria. *Cf Turner Broadcasting System, Inc. v. F.C.C.*, 512 U.S. 622, 666 (1994) (noting that courts must accord substantial deference to the predictive judgments of legislators even if the decision implicates First Amendment rights); *Gregg v. Georgia*, 428 U.S. 153, 176 (1976) (noting that courts owe state legislature deference in matters involving the exercise of its police power to impose punishments for crimes)

The Court may resolve the motion for preliminary injunction based on the parties' legal arguments and the written declarations tendered by the parties. A hearing at this stage of the litigation is therefore neither required nor necessary.

Respectfully submitted,

Daniel Cameron
ATTORNEY GENERAL

/s/ Jeremy J. Sylvester
Victor Maddox (KBA No. 43095)
Heather L. Becker (KBA No. 94360)
Jeremy J. Sylvester (KBA No. 92771)
Alexander Y. Magera (KBA No. 97708)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Victor.Maddox@ky.gov
Heather.Becker@ky.gov
Jeremy.Sylvester@ky.gov
Alexander.Magera@ky.gov
*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Daniel Cameron*

## CERTIFICATE OF SERVICE

I certify that on June 5, 2023, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

/s/ Jeremy J. Sylvester
*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Daniel Cameron*

4