UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISIVLLE DIVISION

*Electronically filed*

| | |
|---|---|
| DOE 1, *et al.* Plaintiffs | |
| v. | Civil Action No. 3:23-CV-00230-DJH |
| THORNBURY, *et al.* Defendants | |
| and | |
| COMMONWEALTH OF KENTUCKY, *ex rel.* ATTORNEY GENERAL DANIEL CAMERON Intervening Defendant | |

**COMMONWEALTH OF KENTUCKY'S RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**

The Plaintiffs have asked this Court to allow them (both the minor plaintiffs and their parents) to proceed pseudonymously. Doc. 1. Intervening Defendant, the Commonwealth of Kentucky, does not oppose this motion, subject to certain conditions.

**ARGUMENT**

Generally, "a complaint must state the names of all parties." *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (citing Fed. R. Civ. P. 10(a)). Only in "exceptional cases," *Doe v. Univ. of Louisville*, No. 3:17-cv-638, 2018 WL 3313019, at *2 (W.D. Ky. July 5, 2018), where the "plaintiff's privacy interests substantially outweigh the

1

presumption of open judicial proceedings" may a court "excuse plaintiffs from identifying themselves." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). To determine whether allowing pseudonyms is appropriate, courts consider "(1) whether the plaintiff is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child." *D.E. v. John Doe,* 834 F.3d at 728. Courts also "consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

Intervening Defendant, Commonwealth of Kentucky does not dispute that the Plaintiffs are suing to challenge governmental activity by arguing that Senate Bill 150, passed by the Kentucky General Assembly this year, is unconstitutional. Doc. 1, PageID.2. The Commonwealth acknowledges that some of the Plaintiffs are children, Doc. 1, PageID.3 (explaining that the minor plaintiffs are "aged from nine to sixteen"), and does not disagree that disclosure of the parents' identities could impact privacy protections given to the children.

Accordingly, reserving all defenses, Intervening Defendant, Commonwealth of Kentucky does not oppose the Plaintiffs' motion *if* this Court, in granting it, also orders that:

2

(1) Immediately following any order, the Plaintiffs shall identify themselves to the Intervening Defendant to the full extent necessary for the Intervening Defendant to defend the law being challenged;

(2) Upon request by the Intervening Defendant, the Plaintiffs shall disclose other information that identifies the Plaintiffs (both minors and their parents), directly or indirectly, to the extent such information is discoverable under the Federal Rules of Civil Procedure;

(3) During this litigation, the Intervening Defendant shall not publicly or privately disclose or identify for any purpose that these Plaintiffs are parties to this case, except to the full extent necessary to defend the law being challenged;

(4) During this litigation, the Plaintiffs shall not publicly disclose or identify that these Plaintiffs are parties to this case for any purpose, including publicity.

The first two conditions are necessary because the Intervening Defendant reasonably needs to know the Plaintiffs' identities for discovery purposes, including for issuing third-party subpoenas. The third allows the Intervening Defendant's counsel to disclose identifying information to the Intervening Defendant, Intervening Defendant's employees, and retained experts as necessary to craft a defense, as well as to records custodians as needed to execute a third-party subpoena. The last condition reasonably preserves the anonymity the Plaintiffs seek.

3

## CONCLUSION

For the foregoing reasons, this Court should grant the Plaintiffs' motion to proceed pseudonymously only if the Court conditions the Order as described above. Otherwise, this Court should deny the motion.

Respectfully submitted,

Daniel Cameron
ATTORNEY GENERAL

/s/ Alexander Y. Magera
Victor B. Maddox (KBA No. 43095)
Heather L. Becker (KBA No. 94360)
Jeremy J. Sylvester (KBA No. 92771)
Alexander Y. Magera (KBA No. 97708)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Victor.Maddox@ky.gov
Heather.Becker@ky.gov
Jeremy.Sylvester@ky.gov
Alexander.Magera@ky.gov

*Counsel for the Commonwealth of Kentucky
ex rel. Attorney General Daniel Cameron*

## CERTIFICATE OF SERVICE

I certify that on June 9, 2023 the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

/s/ Alexander Y. Magera
*Counsel for the Commonwealth of Kentucky
ex rel. Attorney General Daniel Cameron*