UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISIVLLE DIVISION

*Electronically filed*

| | |
|---|---|
| DOE 1, *et al.*<br>    Plaintiffs<br><br>v.<br><br>THORNBURY, *et al.*<br>    Defendants<br><br>and<br><br>COMMONWEALTH OF KENTUCKY,<br>*ex rel.* ATTORNEY GENERAL DANIEL CAMERON<br>    Intervening Defendant | Civil Action No. 3:23-CV-00230-DJH |

**COMMONWEALTH OF KENTUCKY'S MOTION TO STRIKE
OR FOR LEAVE TO FILE REBUTTAL DECLARATIONS AND MOTION
FOR EXPEDITED BRIEFING SCHEDULE**

The Plaintiffs recently filed their reply to the Commonwealth's response to the Plaintiffs' Motion for a Preliminary Injunction. Pls.' Reply Mot. Prel. Inj., DN 52. As expected, the Plaintiffs' experts that had previously submitted declarations in this case submitted rebuttal declarations to the declarations submitted by the Commonwealth's experts. Janssen Rebuttal Decl., DN 52-3; Kingery Rebuttal Decl., DN 52-5; Shumer Rebuttal Decl., DN 52-6. But surprisingly, the Plaintiffs submitted declarations containing never-before-made assertions from brand new expert witnesses. Goodman Decl., DN 52-2; Karasic Decl., DN 52-4.

1

Courts within the Sixth Circuit regularly note that "[w]hen new submissions and/or arguments are included in a reply brief" on a motion for a preliminary injunction, the nonmovant should have the ability to respond. *Conteers LLC v. Akron*, No. 5:20-cv-542, 2021 WL 252540, at *5 (N.D. Ohio Jan. 26, 2021) (quoting *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (alterations in original)); *Lincoln Electric Co. v. Harbor Freight Tools USA, Inc.*, No. 1:17-cv-2329, 2018 WL 10809987, at *3 (N.D. Ohio Aug. 15, 2018) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)); *Wolgast v. Tawas Area Sch. Dist. Bd. of Educ.*, No. 15-cv-10495, 2015 WL 13660457, at *4 (E.D. Mich. Apr. 13, 2015) (stating, in the context of new evidence attached to a reply to a preliminary injunction, "parties cannot raise new arguments or evidence in a reply brief when doing so deprives the other side of an opportunity to respond" (citing *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010)).

To comport with this rule, and based on the Commonwealth's expert witnesses' schedules, the Commonwealth requests until Monday, June 26, 2023, to file rebuttal declarations to the declarations submitted by Kenneth Goodman, DN 52-2, and Dan Karasic, DN 52-4. Even then, because of the belated filing of these two declarations, the Commonwealth is prejudiced in its ability to oppose the Plaintiffs' motion to the fullest due to the preexisting personal and professional obligations of at least one of its experts. Accordingly, in the alternative, the Commonwealth requests that this Court strike the Goodman and Karasic declarations from the record. *See Seay*, 339

F.3d at 480–82 (reversing the district court's decision not to strike newly submitted evidence attached to a party's reply brief).

The Commonwealth also requests an expedited briefing schedule on this motion. The Commonwealth requests that the Plaintiffs' response to this motion be due on Friday, June 23, 2023, followed by the Commonwealth's reply (if any) due on Monday, June 26, 2023.

Respectfully submitted,

**Daniel Cameron**
**ATTORNEY GENERAL**

/s/ Jeremy J. Sylvester
Victor B. Maddox (KBA No. 43095)
Heather L. Becker (KBA No. 94360)
Jeremy J. Sylvester (KBA No. 92771)
Alexander Y. Magera (KBA No. 97708)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Victor.Maddox@ky.gov
Heather.Becker@ky.gov
Jeremy.Sylvester@ky.gov
Alexander.Magera@ky.gov

*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Daniel Cameron*

**CERTIFICATE OF SERVICE**

I certify that on June 20, 2023 the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

/s/ Jeremy J. Sylvester
*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Daniel Cameron*