IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

JANE DOE 1, *et al.*,

  *Plaintiffs*,

 v.

WILLIAM C. THORNBURY, JR., MD, in his official capacity as the President of the Kentucky Board of Medical Licensure, *et al.*,

  *Defendants*.

No. 3:23-cv-00230-DJH

### PLAINTIFFS' RESPONSE TO ATTORNEY GENERAL CAMERON'S MOTION TO STRIKE OR FOR LEAVE TO FILE REBUTTAL DECLARATIONS

**I. INTRODUCTION**

Intervenor-Defendant Attorney General Cameron's motion for leave to file sur-reply declarations should be denied. Sur-reply filings are disfavored and may be permitted only when fairness requires it—that is, "when new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003). Similarly, reply affidavits or other supporting papers "that respond only to the opposing party's [opposition] brief are properly filed with the reply brief" for purposes of rebuttal. *Key v. Shelby Cnty.*, 551 F. App'x 262, 264 (Fed. Cir. 2014) (citing *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002)).

Plaintiffs' reply is supported by expert rebuttal declarations, including two from experts whose testimony was not offered with Plaintiffs' opening papers—Dr. Karasic and Dr. Goodman. That does not make their declarations any less rebuttal declarations. Dr. Karasic and Dr. Goodman do nothing more than respond to the opinions of Cameron's experts, offered with Cameron's opposition brief; they do not introduce new material or arguments. Sur-reply declarations would

therefore be inappropriate and unwarranted. Cameron's alternative request to strike Dr. Karasic and Dr. Goodman's declarations should be denied for the same reason.

## II. BACKGROUND

In support of their Motion for Preliminary Injunctive Relief, Plaintiffs submitted three expert declarations (DN 17-1, DN 17-2, and DN 17-3), as well as declarations from four Plaintiff Parents whose children will be irreparably harmed by the Treatment Ban if it is allowed to take effect. In support of his opposition, Cameron submitted 15 declarations, including the declarations of four doctors who purport to provide expert opinion testimony: Dr. James Cantor, Dr. Michael Laidlaw, Dr. Stephen Levine, and Dr. Geeta Nangia. DN 47-9, DN 47-10, DN 47-11, and DN 47-12.

Plaintiffs replied to Cameron's opposition and included expert declarations from two additional expert witnesses responding to the opinions offered by Cameron's experts.[1]

- Dr. Kenneth Goodman is a Professor of Medicine and the founder and director of the University of Miami Miller School of Medicine's Institute for Bioethics and Health Policy and the co-founder and director of the University's Ethics Program. DN 52-2 ¶¶ 1–3. Dr. Goodman's reply declaration relies on his expertise in the field of medical and bioethics. *Id.* ¶ 8. Dr. Goodman's 11-page declaration narrowly responds to Drs. Cantor's, Laidlaw's, Levine's, and Nangia's criticisms of the quality of the evidence that supports the Endocrine Society guidelines and the World Professional Association for Transgender Health ("WPATH") Standards of Care and explains the GRADE framework for evaluating medical research. *E.g.*, *id.* ¶ 15 n.5 (providing specific references to defense experts' declarations to which he responds). In particular, Dr. Goodman responds to the defense

---

[1] Plaintiffs also submitted rebuttal declarations from Drs. Shumer, Janssen, and Kingery. Cameron's motion concerns only the Goodman and Karasic declarations.

declarants' criticism that the efficacy of medical treatments for gender dysphoria in adolescents is not supported by randomized controlled trials ("RCT") and explains that use of an RCT for treating minors would be unethical because it would entail withholding standard treatment from a control group of minor patients. *Id.* ¶¶ 19–20. That opinion directly responds to and rebuts opinions raised for the first time in the declarations of Drs. Cantor, Laidlaw, Levine, and Nangia.

- Dr. Dan Karasic is Professor Emeritus of Psychiatry at the University of California – San Francisco Weill Institute for Neurosciences and has been working with patients with gender dysphoria for 30 years. DN 52-4 ¶¶ 4, 6. Dr. Karasic previously sat on the Board of Directors of WPATH and lead author of the Mental Health chapter of WPATH's Standards of Care for the Health of Gender Diverse and Transgender People Version 8 (WPATH SOC 8), which is the currently prevailing standard in the United States and internationally. *Id.* ¶ 9. Dr. Karasic's declaration directly responds to and rebuts Drs. Cantor, Laidlaw, Levine, and Nangia's opinions and incorrect descriptions of WPATH SOC 8. *Id.* ¶ 25. In Dr. Karasic's words: "the State's experts create a straw man by providing a false description of care under the prevailing protocols and then attack it." *Id.* ¶ 29. As the lead author of WPATH SOC 8, Dr. Karasic is uniquely positioned and qualified to respond to Drs. Cantor, Laidlaw, Levine, and Nangia mischaracterizations of those standards.

### III.    ARGUMENT

Whether to permit a party to file sur-reply papers is left to the Court's discretion. *Hometown Pizza Inc. v. Hometown Pizza II*, No. 3:22-cv-20, 2022 WL 1274402 at *1 (W.D. Ky. Apr. 28, 2022). No good reason exists for the Court to exercise its discretion to permit sur-reply submissions here. Sur-reply papers—including the sur-reply declarations Cameron seeks leave to

submit—are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Crenshaw v. Portfolio Recovery Assocs.*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020) (cleaned up); *Hometown Pizza*, 2022 WL 1274402 at *1 ("many courts have noted" that "[s]ur-replies … are highly disfavored") (cleaned up). Cameron's request to submit sur-reply declarations is no different.

As shown above, Drs. Goodman and Karasic's declarations respond to and rebut specific assertions made by Cameron's experts. The doctors' declarations do not raise new legal arguments or introduce any new issues that were not raised in the first instance by Cameron's experts. Drs. Karasic's and Goodman's declarations are "reply affidavits that respond only to the opposing party's brief" and thus "are properly filed with the reply brief" and provide no basis for the submission of sur-reply papers. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002). The declarations supporting Plaintiffs' reply accordingly were proper and timely. Whether a declaration submitted with a reply brief warrants a sur-reply turns on its contents, not on whether the author submitted a declaration with the opening brief. Cameron cites no case to support the contrary proposition. In fact, the Sixth Circuit has held that the introduction of reply affidavits that respond to the opposition filing—even from individuals who had not previously submitted affidavits in the case—are not "new evidence" sufficient to merit a sur-reply. *Key*, 551 F. App'x at 265; *Key v. Shelby County et al.*, No. 2:09-CV-2752 (W.D. Tenn.) (*compare* DN 14 *with* DN 21).

Indeed, cases Cameron relies on in his Motion belie his argument. For instance, where reply affidavits supporting a reply brief only responded to arguments advanced in the non-moving party's opposition, no sur-reply was warranted. *Lincoln Electric Co. v. Harbor Freight Tools USA, Inc.*, Case No. 1:17-CV-2329, 2018 WL 10809987 (N.D. Ohio Aug. 15, 2018). Where reply

affidavits "merely responded to … arguments presented in [the non-moving party's] response brief," even where reply affiants did not submit affidavits for the opening brief, a motion for leave to file a sur-reply was properly denied. *Key*, 551 Fed. Appx. at 264.

This case is not analogous to *Conteers LLC v. Akron*, in which a moving party made a new legal argument for the first time in its reply to a preliminary injunction motion. No. 5:20-CV-542, 2021 WL 252540 at *5 (N.D. Ohio Jan. 26, 2021). *Seay v. Tennessee Valley Authority*, is inapposite for the same reason, because there the moving party submitted in a reply brief "new reasons and evidence in support of its motion for summary judgment," including new documentation attached to a declaration submitted by the General Manager of Human Resources for one of defendant's organizations that was directly relevant to plaintiffs' claims. 339 F.3d 454, 481 (6th Cir. 2003).

Finally, Cameron's request to submit sur-reply declarations should be denied because Cameron fails to specifically identify which parts of Dr. Karasic's and Dr. Goodman's declarations purportedly are objectionable, nor does Cameron "sufficiently explain what additional evidence [his] sur-reply would provide." *Attractive Surgical, LLC v. Cleveland Clinic Found'n*, No. 1:19 CV 1212, 2019 WL 11075734 at *4 (N.D. Ohio Oct. 31, 2019). Without such a showing, Cameron cannot carry his burden to demonstrate that a sur-reply is warranted or necessary. At bottom, Cameron's Motion "only amounts to an attempt to have the last word in a briefing tennis match, which is contrary to the purpose of a sur-reply." *Lincoln Electric Co.*, 2018 WL 10809987 at *3.

Cameron's alternative request to strike the declarations of Drs. Karasic and Goodman should be denied for much the same reasons. As an initial matter, Drs. Karasic's and Goodman's declarations may not be stricken. The only Federal Rule of Civil Procedure that contemplates striking documents is Rule 12(f), which authorizes the court to "strike from a pleading an

5

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) does not apply because Drs. Karasic's and Goodman's declarations are not pleadings under FRCP 7(a). "Under Fed.R.Civ.P. 12(f), a court may strike only material that is contained in the pleadings." *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) (upholding district court's denial of motion to strike exhibits attached to dispositive motion).

To the extent Cameron argues that Drs. Karasic's and Goodman's declarations should not be considered, no factual or legal basis exists for such relief. Cameron does not argue (because he cannot) that Drs. Karasic's and Goodman's declarations are inadmissible or that Plaintiffs violated any rule or order of the Court by submitting them in support of their Reply to Cameron's Opposition. For all the reasons discussed *supra*, the declarations are proper and timely, directly respond to assertions made by Cameron's experts, and will be helpful to the Court in resolving Plaintiffs' motion for preliminary relief.

## IV. CONCLUSION

Because both sur-replies and motions to strike are generally disfavored, and because Plaintiffs' timely declarations respond only to the opposing party's brief and thus were properly filed with the reply brief, Cameron's Motion should be denied.

Dated: June 23, 2023

Respectfully Submitted,

*/s/ Heather Gatnarek*
Corey Shapiro
Heather Gatnarek
Crystal Fryman
Kevin Muench
ACLU OF KENTUCKY FOUNDATION
325 W. Main St. Suite 2210
Louisville, KY 40202
(502) 581-9746
corey@aclu-ky.org
heather@aclu-ky.org
crystal@aclu-ky.org
kevin@aclu-ky.org

Christopher F. Stoll*
Kelly Jo Popkin*
Amy Whelan*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
(415) 365-1320
cstoll@nclrights.org
kpopkin@nclrights.org
awhelan@nclrights.org

Stephanie Schuster*
Randall M. Levine*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
(202) 739-3000
stephanie.schuster@morganlewis.com
randall.levine@morganlewis.com

Amanda J. Ford*
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
(617) 431-7700
amanda.ford@morganlewis.com

*appearing pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing was filed with the Court using the CM/ECF system on June 23, 2023, which will generate an electronic notice of filing to all counsel registered with that service.

                                      */s/ Heather Gatnarek*
                                      Heather Gatnarek