IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JANE DOE 1, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILLIAM C. THORNBURY, JR., MD, in his official capacity as the President of the Kentucky Board of Medical Licensure, *et al.*,<br><br>    Defendants. | No. 3:23-cv-00230 |

**REPLY IN SUPPORT OF PLAINTIFFS'
<u>MOTION TO PROCEED PSEUDONYMOUSLY</u>**

Intervenor-Defendant Attorney General Cameron ("Cameron") does not oppose Plaintiffs' motion to proceed pseudonymously, nor does Cameron dispute that anonymity is necessary to protect the privacy interests and personal safety of the minor plaintiffs and their families. However, Cameron asks the Court to impose unnecessary, overbroad, and unwarranted conditions that would expose Plaintiffs to needless potential harm and negate the purpose of granting the order. The Court should reject Cameron's requested conditions and grant Plaintiffs' motion in its entirety and without limitation. Plaintiffs will meet and confer with Cameron to try to reach agreement on an appropriate proposed protective order that will both accommodate discovery under Federal Rule 26 and protect Plaintiffs' anonymity.

<u>**ARGUMENT**</u>

Plaintiffs have established a compelling basis for proceeding in this case using pseudonyms, as Cameron acknowledges. Courts in the Sixth Circuit routinely have permitted transgender parties to proceed pseudonymously in recognition of the intimate nature of the

1

information required to be disclosed, as well as the risks of "retaliation, harassment, and social stigma" associated with their transgender identity. *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-cv-272, 2018 WL 8804858, at *1 (S.D. Ohio Apr. 5, 2018); *see also, e.g., Bd. of Educ. of Highland Loc. Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015). Because disclosing the identity of the transgender minor plaintiffs' parents effectively would identify the transgender minors, the parent plaintiffs' identities also must remain confidential. For the same reasons, it also will be necessary for the Court to enter an appropriate protective order restricting access to information disclosed in discovery to the extent it could be used to identify Plaintiffs.

Research reveals no case in the Sixth Circuit where a court has imposed conditions on an order granting leave to transgender plaintiffs to proceed using pseudonyms similar to those Cameron demands. Each of the conditions Cameron asks the Court to impose is unworkable and inappropriate and should be rejected.

*First*, Cameron asks the Court to condition Plaintiffs' ability to proceed pseudonymously on a requirement that "[i]mmediately following any order, the Plaintiffs shall identify themselves to the Intervening Defendant to the full extent necessary for the Intervening Defendant to defend the law being challenged." Resp. at 3. This proposed condition is overbroad and would undermine the purpose of the order. While Plaintiffs are willing to identify themselves to Cameron to facilitate appropriate discovery under Federal Rule 26, no such disclosure can occur until the Court has entered an appropriate protective order to ensure that Plaintiffs' identities remain confidential. In addition, the phrase "to the full extent necessary for the Intervening Defendant to defend" SB 150 is vague, ambiguous, and inconsistent with the federal rules. The parties' disclosure

obligations are governed by the standards set out in Federal Rule 26, not by the standard proposed by Cameron, or his own interpretation of what is "necessary to defend" the law.

*Second*, Cameron asks the Court to order that "[u]pon request by the Intervening Defendant, the Plaintiffs shall disclose other information that identifies the Plaintiffs (both minors and their parents), directly or indirectly, to the extent such information is discoverable under the Federal Rules of Civil Procedure." Resp. at 3. This proposed condition is unnecessary and inconsistent with the rules. A condition requiring disclosure of discoverable information is not required because an order granting leave to litigate pseudonymously does not confer immunity from discovery. Plaintiffs will comply with their Rule 26 discovery obligations, and work with Cameron as needed to ensure that Plaintiffs' anonymity remains protected. But any such discovery is not available merely "upon request." Like any other federal litigant, Cameron must comply with Rule 26's procedures and Plaintiffs will respond to all appropriate discovery requests in a manner consistent with the rules.

*Third,* Cameron asks the Court to impose a condition requiring that "[d]uring this litigation, the Intervening Defendant shall not publicly or privately disclose or identify for any purpose that these Plaintiffs are parties to this case, *except to the full extent necessary to defend the law being challenged.*" Resp. at 3 (emphasis added). Cameron's third proposed condition has no valid basis and would undermine the purpose of the order. An order subject to an exception that permits disclosure of Plaintiffs' identities based on Cameron's unilateral determination that it is "necessary to defend the law being challenged" would be no protection at all. Cameron's proposed condition also should be rejected because it is time-limited to "during this litigation." Plaintiffs' privacy interests and need for protection will not evaporate upon entry of a final judgment—an order restricting disclosure of Plaintiffs' identities should remain in effect indefinitely.

Cameron's contention that his proposed conditions are necessary to serve third party subpoenas also lacks merit. Resp. at 3. As an initial matter, it is unclear why third-party discovery would be required to defend Plaintiffs' facial challenge to SB 150, nor why any such discovery would require disclosure of Plaintiffs' identities. In all events, if Cameron can show that a legitimate purpose would be served by relevant third party discovery that requires disclosure of Plaintiffs' identities, the parties can meet and confer to work out a solution. If no agreement can be reached, then Cameron can seek appropriate relief from the Court.

Cameron's contention that his proposed conditions are necessary to allow "Intervening Defendant's counsel to disclose identifying information to the Intervening Defendant" and the "Intervening Defendant's employees" Resp. at 3, is also sweepingly overbroad. According to Cameron, the "Intervening Defendant" here is the *Commonwealth of Kentucky*. Resp. at 2. An order permitting Plaintiffs to proceed pseudonymously would be illusory if Cameron were permitted to disclose Plaintiffs' identities to every other Commonwealth employee. Plaintiffs and Cameron can meet and confer to reach agreement, if possible, on a proposed protective order restricting access to all information disclosed in this case containing Plaintiffs' personally identifiable information to only those lawyers and staff working in the Office of Attorney General who reasonably require it.

*Finally*, Cameron asks for a condition requiring that "[d]uring this litigation, the Plaintiffs shall not publicly disclose or identify that these Plaintiffs are parties to the case for any purpose, including publicity." Resp. at 3. Cameron's fourth proposed condition is unnecessary and illogical. Plaintiffs have moved to proceed pseudonymously precisely because they want to avoid publicity given the reality that involuntary disclosure of a person's transgender status (let alone a minor's transgender status), "exposes transgender individuals to a substantial risk of stigma,

4

discrimination, intimidation, violence, and danger." *See Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018). No condition is necessary to require Plaintiffs to protect themselves.

## CONCLUSION

For all the forgoing reasons, Plaintiffs respectfully ask the Court to grant Plaintiffs' motion to proceed pseudonymously without the unwarranted conditions requested by Cameron.

Dated: June 23, 2023

Respectfully Submitted,

*/s/ Randall M. Levine*
Stephanie Schuster (pro hac vice)
Randall M. Levine (pro hac vice)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
(202) 739-3000
stephanie.schuster@morganlewis.com
randall.levine@morganlewis.com

Amanda J. Ford (pro hac vice)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
(617) 431-7700
amanda.ford@morganlewis.com

Corey Shapiro
Heather Gatnarek
Crystal Fryman
Kevin Muench
**ACLU OF KENTUCKY FOUNDATION**
325 W. Main St. Suite 2210
Louisville, KY 40202
(502) 581-9746
corey@aclu-ky.org
heather@aclu-ky.org
crystal@aclu-ky.org
kevin@aclu-ky.org

> Christopher F. Stoll (pro hac vice)
> Kelly Jo Popkin (pro hac vice)
> **NATIONAL CENTER FOR LESBIAN RIGHTS**
> 870 Market Street, Suite 370
> San Francisco, CA 94102
> (415) 365-1320
> cstoll@nclrights.org
> kpopkin@nclrights.org
>
> *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed with the Court using the CM/ ECF system on June 23, 2023, which will generate an electronic notice of filing to all counsel registered with that service.

*/s/ Randall M. Levine*
Randall M. Levine
