UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISIVLLE DIVISION

*Electronically filed*

| | |
|---|---|
| DOE 1, *et al.*<br>          Plaintiffs | |
| v. | Civil Action No. 3:23-CV-00230-DJH |
| THORNBURY, *et al.*<br>          Defendants | |
| and | |
| COMMONWEALTH OF KENTUCKY,<br>*ex rel.* ATTORNEY GENERAL DANIEL<br>CAMERON<br>          Intervening Defendant | |

---

**THE COMMONWEALTH OF KENTUCKY'S REPLY
IN SUPPORT OF ITS MOTION TO STRIKE OR
FOR LEAVE TO FILE REBUTTAL DECLARATIONS**

---

The Commonwealth of Kentucky is entitled to file rebuttal declarations in response to the two declarations (brand new evidence) filed by Plaintiffs' newly disclosed experts, Kenneth Goodman, DN 52-2, and Dan Karasic, DN 52-4, along with the Plaintiffs' reply in support of their motion for preliminary injunctive relief.

The rule here is straightforward: "While the [Federal Rules of Civil Procedure] are silent as to timing matters with reply affidavits, precedent establishes that, in the face of new evidence, the court should permit the opposing party an opportunity to respond." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 477 (6th Cir. 2002). There can

1

be no debate that when the Plaintiffs submitted the declarations of Kenneth Goodman, DN 52-2, and Dan Karasic, DN 52-4, they introduced new evidence.

To start, the submission of declarations by brand new, never-before-seen, experts *always* constitutes the submission of new evidence. Each side has had an opportunity to respond to all of the other's original expert and lay witnesses. But the Plaintiffs employed a different strategy with respect to Drs. Goodman and Karasic— "sandbagging." *Viero v. Bufano*, 925 F. Supp. 1374, 1380 (N.D. Ill. 1996). "[B]y reserving" Goodman's and Karasic's "opinion[s] until" the Commonwealth "had no ability to respond," the Plaintiffs "avoided having" those opinions exposed. *Id.* So "[w]hatever the case may be, any consideration of" Goodman's and Karasic's opinions "would involve a one-sided and unfair analysis, where [the Commonwealth] would be left without an opportunity to respond." *Id.* Courts are loath to allow such litigation tactics. *See, e.g., id.* (refusing to consider an affidavit submitted by a party to its reply brief because "[t]rial by ambush is the stuff of Hollywood or TV movies, and it was once a recognized part of the sporting (or 'fox-hunt') theory of justice, but today it has no place in a court of law."); *Pike v. Caldera*, 188 F.R.D. 519, 532 (S.D. Ind. 1999) ("The court does not condone 'lying in wait' or 'sandbagging' litigation tactics."); *Stiner v. Brookdale Senior Living, Inc.*, No. 17-cv-03962, 2023 WL 2722294, at *15 (N.D. Cal. Mar. 30, 2023) (refusing "to consider or rely on any" of the "massive amounts of new material, proffered by brand new experts, on reply"); *Murphy v. Vill. of Hoffman Estates*, No. 95-C-5192, 1999 WL 160305, at *2 (N.D. Ill. Mar. 17, 1999), *aff'd*, 234

F.3d 1273 (7th Cir. 2000) ("[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply.").[1]

Even a cursory review of the Goodman and Karasic declarations reveals that they include new substantive content. For example, both declarations rely upon never-before-discussed publications. Goodman Decl., ¶¶ 18 n.6, 20 ns.7, 9 (introducing for the first time in this litigation the Sackett (2000), Isaac (2013), and Liu (2022) publications); Karasic Decl., ¶¶ 37, 38, 54 (introducing for the first time in this litigation the Bustos (2021), Owen-Smith (2018), and Conron (2012) publications, among others). Examples of new substantive content like that, some of which the Commonwealth's experts will respond to, tend to reveal that the Plaintiffs "offered" the Goodman and Karasic Declarations to attempt "to replace inadequate evidentiary submissions offered in support of" their motion for preliminary injunction. *Tishcon Corp. v. Soundview Commc'ns, Inc.*, No. 1:04-cv-524, 2005 WL 6038743, at *8 (N.D. Ga. Feb. 15, 2005). But "[j]ustice is not served by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive

---

[1] The Plaintiffs overstate the unpublished decision of *Key v. Shelby Cnty.*, 551 F. App'x 262 (6th Cir. 2014). The holding in *Key* was that because the party wishing to file a sur-reply waited too long, the district court did not abuse its discretion in denying leave to file the sur-reply. *Id.* at 265 ("Considering the amount of time that passed between Shelby County's filing of its reply brief and Key's filing of her motion for leave to file a sur-reply, the district court did not abuse its discretion in denying the motion."). In *Key*, the movant waited six months before attempting to file a sur-reply, and on that basis alone, the district court denied that request. *Id.* ("The district court ultimately ruled that in the absence of any Federal Rule or Local Rule providing for the filing of a sur-reply, Key's unexplained delay of six months in moving for leave to file the sur-reply justified its denial."); *see also Key v. Shelby Cnty.*, No. 09-2752-JDT, 2012 WL 12871903, at *1 (W.D. Tenn. Mar. 27, 2012).

facts at the last minute when there is no opportunity for the non-movant to respond." *Id*. "This is precisely the kind of trial by ambush that the federal rules summarily reject." *Id*.

For the foregoing reasons, the Court should allow the Commonwealth to submit rebuttal declarations to Plaintiffs' belated submissions from Goodman and Karasic. Alternatively, the Court should strike the Goodman and Karasic Declarations, DNs 52-2, 52-4, from the record. *See Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 480–82 (6th Cir. 2003) (reversing the district court's decision not to strike newly submitted evidence attached to a party's reply brief). The Commonwealth tenders its expert rebuttal declarations along with this reply.

Respectfully submitted,

**Daniel Cameron**
**ATTORNEY GENERAL**

/s/ Alexander Y. Magera
Victor B. Maddox (KBA No. 43095)
Heather L. Becker (KBA No. 94360)
Jeremy J. Sylvester (KBA No. 92771)
Alexander Y. Magera (KBA No. 97708)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Victor.Maddox@ky.gov
Heather.Becker@ky.gov
Jeremy.Sylvester@ky.gov
Alexander.Magera@ky.gov

*Counsel for the Commonwealth of Kentucky*
 *ex rel. Attorney General Daniel Cameron*

4

## CERTIFICATE OF SERVICE

I certify that on June 26, 2023 the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

/s/ Alexander Y. Magera
*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Daniel Cameron*