**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| JANE DOE 1, *et al.*, | |
| Plaintiffs, | |
| v. | |
| WILLIAM C. THORNBURY, JR., MD, in his official capacity as the President of the Kentucky Board of Medical Licensure, *et al.*, | No. 3:23-cv-00230 |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO CAMERON'S**
**EMERGENCY MOTION FOR STAY PENDING APPEAL**

For all the reasons expressed by this Court in its Memorandum Opinion and Order granting Plaintiffs' Motion for Preliminary Injunction (the "Order"), (ECF No. 61), Attorney General Cameron has not shown that a stay pending appeal is warranted. Plaintiffs have shown they are entitled to a preliminary injunction, the benefits of which would be negated by a stay pending appeal. Cameron's Emergency Motion for a Stay Pending Appeal (the "Motion") includes no new arguments or evidence that warrant any different result. (ECF No. 66).

Accordingly, and for the same reasons that Judge Richardson of the Middle District of Tennessee recently denied a virtually identical motion for stay pending appeal of an order preliminarily enjoining Tennessee's similar ban on healthcare for transgender minors, the Motion should be denied. *See* Order, *L.W. et al., v. Jonathan Skrmetti et al.*, Case No. 3:23-cv-00376 (June 30, 2023) (Doc. No. 172), attached hereto as Exhibit A.

1

## ARGUMENT

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). "It is instead an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (cleaned up). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34. To evaluate whether to grant a stay pending appeal from an order granting a preliminary injunction, the Court considers equitable factors that mirror those governing whether a preliminary injunction should issue:

> (1) whether the defendant has a *strong or substantial* likelihood of success on the merits; (2) whether the *defendant* will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

*Baker v. Adams Cnty/Ohio Valley Sch. Bd*, 310 F.3d 927, 928 (6th Cir. 2002) (emphases added). None of the factors support granting a stay here.

### (1) Cameron has no likelihood of success on the merits.

Cameron is not likely to succeed on the merits of his appeal for all the reasons already stated in Plaintiffs' prior briefing, (ECF Nos. 17, 52), and in this Court's Order, (ECF No. 61), which need not be restated here. Cameron asserts the same arguments in support of his Motion that he previously made in opposition to Plaintiffs' Motion for Preliminary Injunction. *Compare* ECF No. 47 *with* ECF No. 66. Because Cameron's "arguments in support" of a stay "are essentially identical to those that [he] posed in opposition to Plaintiffs' motion for a preliminary injunction," he cannot show a likelihood of success on the merits. Exhibit A at 3.

### (2) The Commonwealth will not suffer any harm.

Cameron cannot rely on the conclusory assertion that the Commonwealth will suffer irreparable harm if a stay is not granted. Rather, "to substantiate a claim that irreparable injury is

likely to occur, a movant must provide some *evidence* that the harm has occurred in the past and is likely to occur again. . . .[T]he movant must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (emphasis added). Cameron has not done so.

Contrary to Cameron's argument, *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018) does not stand for the broad proposition that *all* orders preliminarily enjoining the enforcement of a law cause irreparable harm to the State. In fact, the *Abbott* Court explicitly states that an order preliminarily enjoining a law's enforcement causes irreparable harm "*[u]nless* the [enjoined] statute is unconstitutional." *Id.* at 2324 (emphasis added).[1] This exclusion is consistent with Sixth Circuit precedent, which holds that the Commonwealth has "no interest in the enforcement of laws" that are unconstitutional. *See Martin-Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 568 (6th Cir. 1982). This Court has found that the challenged portions of SB 150 likely are unconstitutional, and they consequently fit within *Abbott*'s clearly defined exclusion.

In addition, even if preliminarily enjoining an unconstitutional law could constitute harm to the Commonwealth, Cameron would still be required to show that any such harm "decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Baker,* 310 F.3d at 928. Cameron cannot do that here. As this Court found, "Plaintiffs have submitted declarations stating that the treatments have significantly improved the minor plaintiffs' condition and that eliminating access to those treatments in Kentucky would cause serious consequences, including severe

---

[1] Further, *Abbot* is factually distinguishable because it dealt with a state statute that conformed state election proceedings with federal policy (*Id.* at 2324)—SB 150 contradicts federal policy, which favors the protection of individual civil rights, including the civil rights of transgender people. *See* Statement of Interest of the United States (ECF No. 37), at 2-3 (citing Executive Order 13,988).

psychological distress and the need to move out of state." Order at 13.  The real and tangible harms that Plaintiffs would suffer from enforcement of SB 150 outweigh the abstract, speculative harms to the Commonwealth's "interests" Cameron invokes.  Motion at 12.  Even Defendants Thornbury and Denker—the state officials who, unlike Cameron, are charged by the Legislature with the responsibility to enforce SB 150—agree it "would behoove KBML/KBN-licensees and their patients for the Court to maintain the status quo pending final ruling on the merits of the Plaintiffs' suit."  Defendants' Response to Intervening Defendants' Motion for a Stay Pending Appeal (ECF No. 69), at 2.

### *(3) Plaintiffs will be irreparably harmed by a stay.*

As this Court has already found, staying the injunction will alter the status quo and irreparably harm Plaintiffs and other similarly situated transgender youth.  "When reviewing a motion for a preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated." *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001).  A stay would defeat the purpose of having granted the injunction in the first place and cause the very constitutional violations this Court's Order seeks to prevent.  *See Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 235 (2d Cir. 1999) ("[T]he grant of a stay of a preliminary injunction pending appeal will almost always be logically inconsistent with a prior finding of irreparable harm that is imminent as required to sustain the same preliminary injunction.").

In addition, this Court has already found that permitting SB 150 to take effect will cause Plaintiffs and other transgender youth to suffer additional specific concrete harms.  As the Court found, "[i]f allowed to take effect, SB 150 would eliminate treatments that have already significantly benefited six of the seven minor plaintiffs and prevent other transgender children

from accessing these beneficial treatments in the future." Order at 13. The harm that would arise from their being denied access to those treatments is both serious and irreparable.

### *(4) The public interest weighs against a stay.*

Staying the Court's preliminary injunction would work against the public interest because "[i]t is in the public interest not to perpetuate the unconstitutional application of a statute." *Martin-Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 568 (6th Cir. 1982). As the Sixth Circuit has made clear: "[w]hen a constitutional violation is likely . . . the public interest militates in favor of injunctive relief because it is always in the public interest to prevent violation of a party's constitutional rights." *ACLU Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 649 (6th Cir. 2015) (cleaned up). Accordingly, and as every court to have considered similar state laws banning healthcare for transgender minors has concluded, the Court's entry of a preliminary injunction here was appropriate and necessary, and so should not be stayed pending appeal. *See Brandt v. Rutledge*, 47 F.4th 661, 667 (8th Cir. 2022); *K.C. v. Medical Licensing Bd.*, No. 1:23-cv-00595, ECF No. 67, slip op. 32–33 (S.D. Ind. June 16, 2023); *Doe v. Ladapo*, 2023 WL 3833848, at *1 (N.D. Fla. 2023); *Eknes-Tucker v. Marshall*, 603 F. Supp. 3d 1131, 1146 (M.D. Ala. 2022).

### *(4) The Scope of the Injunction is Appropriate.*

Finally, this Court should reject Cameron's request to "correct the scope" of the preliminary injunction, which is effectively an improper request for reconsideration of the Court's Order smuggled into a motion for stay. Motion at 15. Even if Cameron's reconsideration request could be considered, this Court correctly found that a facial injunction is appropriate here because Plaintiffs have made a facial challenge to SB 150, (*see Mulholland v. Marion Cnty. Elec. Bd.*, 746 F.3d 811, 819 (7th Cir. 2014)), and because it would be "virtually impossible" for the Court to fashion a more narrowly tailored injunction. Order at 14. For all the same reasons as before, (*id.*),

this Court should reject Cameron's identical request to limit the injunction's scope to the named

Plaintiffs.

## **CONCLUSION**

For all the forgoing reasons, Cameron's Emergency Motion for Stay Pending Appeal

should be denied.

Dated: July 6, 2023                                 Respectfully Submitted,

*/s/ Randall M. Levine*
Stephanie Schuster (pro hac vice)
Randall M. Levine (pro hac vice)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
(202) 739-3000
stephanie.schuster@morganlewis.com
randall.levine@morganlewis.com

Amanda J. Ford (pro hac vice)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
(617) 431-7700
amanda.ford@morganlewis.com

Corey Shapiro
Heather Gatnarek
Crystal Fryman
Kevin Muench
**ACLU OF KENTUCKY FOUNDATION**
325 W. Main St. Suite 2210
Louisville, KY 40202
(502) 581-9746
corey@aclu-ky.org
heather@aclu-ky.org
crystal@aclu-ky.org
kevin@aclu-ky.org

Christopher F. Stoll (pro hac vice)
Kelly Jo Popkin (pro hac vice)
Amy Whelan (pro hac vice)
**NATIONAL CENTER FOR LESBIAN RIGHTS**

870 Market Street, Suite 370
San Francisco, CA 94102
(415) 365-1320
cstoll@nclrights.org
kpopkin@nclrights.org
awhelan@nclrights.org

*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing was filed with the Court using the CM/ ECF system on July 6, 2023, which will generate an electronic notice of filing to all counsel registered with that service.

*/s/ Randall M. Levine*
Randall M. Levine
