IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JANE DOE 1, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM C. THORNBURY, JR., MD, in his official capacity as the President of the Kentucky Board of Medical Licensure, *et al.*, <br><br> Defendants. | No. 3:23-cv-00230 |

**PLAINTIFFS' AMENDED RESPONSE TO CAMERON'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

This will serve as an amended response to Intervenor Defendant Attorney General Daniel Cameron's Notice of Supplemental Authority (ECF No. 73). The Sixth Circuit's grant of a stay pending appeal in *L.W. v. Skrmetti*, No. 23-5600, does not require a stay of this Court's preliminary injunction. Granting a stay would cause the precise immediate and irreparable harms to Plaintiffs that this Court has found would result from permitting SB150 to go into effect, and that the Sixth Circuit emphasized would not result from granting the stay in *L.W.* under Tennessee law. In addition, Cameron cannot establish a likelihood of success on the merits because, unlike Tennessee's medical care ban as interpreted by the Sixth Circuit, Kentucky's Treatment Ban enshrines unlawful sex stereotypes, triggering heightened scrutiny.

In granting a stay pending appeal, the Sixth Circuit noted that the challenged Tennessee law "permits the challengers to continue their existing treatments until March 31, 2024." *L.W. v. Skrmetti* Order at 14. Indeed, the Tennessee law permits all healthcare providers to continue administering care until March 31, 2024. *Id.* at 3 (citing Tenn. Code. Ann. § 68-33-103(b)(1)(B)).

1

In this case, by contrast, should a stay be granted, transgender adolescents who have already started treatment will *immediately* lose the ability to obtain treatments that "have already significantly benefited six of the seven minor plaintiffs," Preliminary Injunction Order at 13, except to the limited extent continuation is necessary to "institute a period during which the minor's use of the drug or hormone is systematically reduced." SB 150 § 4(6). A stay in this action would therefore immediately inflict on the minor Plaintiffs and others the precise harms that the Sixth Circuit found could be avoided in *L.W.*

This action also differs in material respects from *L.W.* because the Commonwealth officials charged with enforcement of Kentucky's Treatment Ban agree that "it would behoove … licensees and their patients for the Court to maintain the status quo pending final ruling on the merits of the Plaintiffs' suit." Doc. 69 at 2. Unlike in *L.W.,* Defendants therefore have recognized that a stay would impose significant harms on third party health care providers. Moreover, given that the Commonwealth defendants in this action do not agree about the need for a stay, it can hardly be said that failure to grant a stay would cause them irreparable harm.

Further, with respect to likelihood of success on the merits, the Sixth Circuit held that the Tennessee statute does not classify on the basis of sex but instead regulates a medical condition, gender dysphoria. See *L.W. v. Skrmetii* Order at 11. Here, Kentucky's Treatment Ban does not regulate a medical condition such as gender dysphoria; indeed, it does not even use that term. Instead, it speaks solely in terms of sex stereotypes, banning the treatments at issue only if used "for the purpose of attempting to alter the appearance of, or to validate a minor's perception of, the minor's sex, if that appearance or perception is inconsistent with the minor's [birth] sex." SB 150 § 4(2). The Treatment Ban therefore seeks to deny treatment to adolescents solely for "failure to conform to sex stereotypes concerning how a man [or woman] should look and behave." *Smith*

2

*v. City of Salem*, 378 F.3d 566, 574 (6th Cir. 2004). Under Sixth Circuit precedent, such discrimination constitutes sex discrimination, triggering heightened scrutiny. *Id.* at 578.

For the foregoing reasons and for those already shown in Plaintiffs' briefs in support of the Motion for Preliminary Injunction, the Court should deny Cameron's motion to stay the preliminary injunction pending appeal. Insofar as the Court has further questions regarding application of the Sixth Circuit's recent order granting a stay of a preliminary injunction, Plaintiffs respectfully submit that a hearing may be helpful for the Court to take additional evidence and/or testimony regarding the immediate irreparable harm that Plaintiffs would suffer if a stay were to be granted.

Dated: July 11, 2023

Respectfully Submitted,

*/s/ Randall M. Levine*
Stephanie Schuster (pro hac vice)
Randall M. Levine (pro hac vice)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
(202) 739-3000
stephanie.schuster@morganlewis.com
randall.levine@morganlewis.com

Amanda J. Ford (pro hac vice)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
(617) 431-7700
amanda.ford@morganlewis.com

Corey Shapiro
Heather Gatnarek
Crystal Fryman
Kevin Muench
**ACLU OF KENTUCKY FOUNDATION**
325 W. Main St. Suite 2210
Louisville, KY 40202

3

(502) 581-9746
corey@aclu-ky.org
heather@aclu-ky.org
crystal@aclu-ky.org
kevin@aclu-ky.org

Christopher F. Stoll (pro hac vice)
Kelly Jo Popkin (pro hac vice)
Amy Whelan (pro hac vice)
**NATIONAL CENTER FOR LESBIAN RIGHTS**
870 Market Street, Suite 370
San Francisco, CA 94102
(415) 365-1320
cstoll@nclrights.org
kpopkin@nclrights.org
awhelan@nclrights.org

*Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed with the Court using the CM/ECF system on July 11, 2023, which will generate an electronic notice of filing to all counsel registered with that service.

*/s/ Randall M. Levine*
Randall M. Levine

Filename:         2023.07
Directory:        C:\Users\MP076137\Desktop
Template:         C:\Users\MP076137\AppData\Roaming\Microsoft\Templates\Normal.dotm
Title:
Subject:
Author:           Shannon Minter
Keywords:
Comments:
Creation Date:    7/11/2023 4:32:00 PM
Change Number:    7
Last Saved On:    7/11/2023 4:54:00 PM
Last Saved By:    Ford, Amanda J.
Total Editing Time: 11 Minutes
Last Printed On:  7/11/2023 4:55:00 PM
As of Last Complete Printing
    Number of Pages: 5
    Number of Words:      917 (approx.)
    Number of Characters: 5,231 (approx.)