UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JANE DOE 1 et al.,     Plaintiffs,

v.     Civil Action No. 3:23-cv-230-DJH-RSE

WILLIAM C. THORNBURY, JR., MD, in
his official capacity as the President of the
Kentucky Board of Medical Licensure et al.,     Defendants,

and

COMMONWEALTH OF KENTUCKY,
ex rel. Attorney General Daniel Cameron,     Intervening Defendant.

\* \* \* \* \*

### ORDER

The Court issued a preliminary injunction in this matter on June 28, 2023, enjoining enforcement of Kentucky Senate Bill 150, which would bar gender-affirming care for minors. (Docket No. 61) The following day, Attorney General Daniel Cameron filed a notice of appeal and moved to stay the injunction pending resolution of the appeal. (D.N. 65; D.N. 66) The Sixth Circuit has since consolidated this case with *L.W. v. Skrmetti* for purposes of appeal, *see* Order, Nos. 23-5600/23-5609 (6th Cir. July 8, 2023), ECF No. 13, and stayed a similar injunction in *L.W.* No. 23-5600, 2023 U.S. App. LEXIS 17234 (6th Cir. July 8, 2023). The panel issued no such ruling in this case, despite Cameron having also moved to stay in the appellate court. *See* Motion for Stay Pending Appeal, *Doe v. Thornbury*, No. 23-5609 (6th Cir. July 7, 2023), ECF No. 9.

The parties dispute whether the Sixth Circuit's stay of the injunction in *L.W.* requires the Court to grant the requested stay in this case. (*See* D.N. 73; D.N. 74; D.N. 77; D.N. 78) Plaintiffs observe that the Tennessee law at issue in *L.W.* allows existing treatments to continue until March 31, 2024, a provision that the Sixth Circuit found "lessens the harm to those minors who wish to

1

continue receiving treatment." *L.W.*, 2023 U.S. App. LEXIS 17234, at *23. As to the merits, Plaintiffs point out that "the Sixth Circuit held that the Tennessee statute does not classify on the basis of sex but instead regulates a medical condition" whereas SB 150 bans treatment on the basis of sex stereotypes, which should trigger heightened scrutiny under *Smith v. City of Salem*, 378 F.3d 566 (6th Cir. 2004). (D.N. 77, PageID.2483)

As set out in its June 28 Memorandum Opinion and Order, the Court agrees that *Smith*, reinforced by *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), dictates the level of scrutiny applicable to Plaintiffs' equal-protection claims.[1] (D.N. 61, PageID.2303-05) The Court further agrees that this case is distinguishable from *L.W.* with respect to the balance of harms. Likelihood of success on the merits weighs most heavily in the analysis, however, *see City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (citation omitted), and the language of the Tennessee law and the Sixth Circuit's ruling leave no meaningful distinction between the two cases on that factor, notwithstanding this Court's difference of opinion as to the strength of the plaintiffs' claims under relevant Supreme Court and Sixth Circuit precedent. In considering a substantially similar statute, the Sixth Circuit panel found *Smith* and *Bostock* inapplicable, concluding that the *L.W.* plaintiffs—and, by extension, Plaintiffs here—are unlikely to succeed on appeal.[2] *See L.W.*, 2023 U.S. App. LEXIS 17234, at *21-*23. In light of that ruling, the Court

---

[1] Plaintiffs do not contend that their due-process claims are unaffected by the Sixth Circuit's ruling. (*See* D.N. 77) They likewise do not address the panel's unanimous conclusion that a statewide injunction was overbroad. *See L.W.*, 2023 U.S. App. LEXIS 17234, at *6-*8; *id.* at *26-*27 (White, J., concurring in part and dissenting in part).

[2] SB 150 bars healthcare providers from prescribing or administering hormones or puberty-blockers "for the purpose of attempting to alter the appearance of, or to validate a minor's perception of, the minor's sex, if that appearance or perception is inconsistent with the minor's sex"; the Tennessee law prohibits such treatment "for the purpose of: (A) Enabling a minor to identify with, or live as, a purported identity inconsistent with the minor's sex; or (B) Treating purported discomfort or distress from a discordance between the minor's sex and asserted

2

sees no basis to deny the requested stay. *See Ky. ex rel. Danville Christian Acad., Inc. v. Beshear*, 981 F.3d 505, 508 (6th Cir. 2020) (citations omitted). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion to stay (D.N. 66) is **GRANTED**. The June 28, 2023 preliminary injunction (D.N. 61) is **STAYED** pending resolution of the appeal.

---

identity." Tenn. Code Ann. § 68-33-103(a)(1). Thus, while subsection (B) of the Tennessee law more directly addresses the medical condition of gender dysphoria, subsection (A)—like SB 150—forbids the use of hormones and puberty-blockers where they would support an identity not stereotypical of the minor's natal sex. (*See* D.N. 61, PageID.2304-05)