**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: July 31, 2023

Mr. Alexander Barrett Bowdre
Mr. Edmund Gerard LaCour Jr.
Office of the Attorney General of Alabama
P.O. Box 300152
Montgomery, AL 36130

Ms. Crystal Fryman
Ms. Heather Lynn Gatnarek
ACLU of Kentucky
325 W. Main Street
Suite 2210
Louisville, KY 40202

Mr. Matthew Franklin Kuhn
Mr. Victor B. Maddox
Mr. Alexander Y. Magera
Office of the Attorney General
of Kentucky
700 Capitol Avenue
Suite 118
Frankfort, KY 40601

Mr. Christopher Ernest Mills
Spero Law
557 East Bay Street
Suite 22251
Charleston, SC 29413

Mr. Jonathan F. Mitchell
Mitchell Law
111 Congress Avenue
Suite 400
Austin, TX 78701

Mr. Andrew M. Nussbaum
Nussbaum Gleason
2 N. Cascade Avenue
Suite 1430
Colorado Springs, CO 80903

Ms. Stephanie Schuster
Morgan, Lewis & Bockius
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Mr. Corey M. Shapiro
ACLU of Kentucky
325 W. Main Street
Suite 2210
Louisville, KY 40202

                    Re:  Case No. 23-5609, *Jane Doe 1, et al v. William Thornbury, Jr., et al*
                           Originating Case No. : 3:23-cv-00230

Dear Counsel,

   The attached order designated for full-text publication was filed today in this case.

                                                 Yours very truly,

                                                   Deborah S. Hunt, Clerk

                                                   Cathryn Lovely, Opinions Deputy

cc:  Mr. James J. Vilt Jr.

Enclosure

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0163p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>　　　　　　　　*Plaintiffs-Appellees*,<br><br>　　　　*v.*<br><br>WILLIAM C. THORNBURY, JR., M.D., in his official capacity as the President of the Kentucky Board of Medical Licensure, et al.,<br><br>　　　　　　　　*Defendants*,<br><br>COMMONWEALTH OF KENTUCKY *ex rel.* DANIEL CAMERON, Attorney General of the Commonwealth of Kentucky,<br><br>　　　　　　　　*Intervenor-Appellant*. | No. 23-5609 |

---

On Emergency Motion to Lift Stay of Preliminary Injunction.
United States District Court for the Western District of Kentucky at Louisville.
No. 3:23-cv-00230—David J. Hale, District Judge.

Decided and Filed:  July 31, 2023

Before:  SUTTON, Chief Judge; WHITE and THAPAR, Circuit Judges.

---

## COUNSEL

**ON EMERGENCY MOTION:** Corey Shapiro, Heather Gatnarek, Crystal Fryman, ACLU OF KENTUCKY FOUNDATION, Louisville, Kentucky, Stephanie Schuster, MORGAN, LEWIS & BOCKIUS LLP, Washington, D.C., for Appellees. **ON RESPONSE:** Victor B. Maddox, Matthew F. Kuhn, Alexander Y. Magera, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Appellant.

　　The court issued an order.  WHITE, J. (pp. 4–5), delivered a separate dissenting opinion.

---

# ORDER

---

PER CURIAM. The district court preliminarily enjoined Kentucky's ban on sex-transition care for minors but later stayed its injunction in light of *L.W. ex rel. Williams v. Skrmetti*, No. 23-5600, 2023 WL 4410576 (6th Cir. July 8, 2023). Plaintiffs ask us to lift the district court's stay.

Our decision is governed by four factors: likelihood of success on the merits, irreparable harm, the balance of harms, and the public interest. *Roberts v. Neace*, 958 F.3d 409, 413 (6th Cir. 2020). We recently balanced these factors in a case involving Tennessee's ban on sex-transition care for minors and held that they favored allowing Tennessee to enforce its law. *Skrmetti*, 2023 WL 4410576, at *8.

That holding controls here. Kentucky bans the same conduct as in *Skrmetti*. Ky. Rev. Stat. § 311.372(2); Tenn. Code Ann. § 68-33-103(a). Plaintiffs bring the same Equal Protection and Due Process claims that, in *Skrmetti*, we held were unlikely to succeed. 2023 WL 4410576, at *3–8. Their likelihood of success—often "the determinative factor"—is the same here. *See Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). Indeed, plaintiffs identify only two differences between this case and *Skrmetti*. But neither changes our balancing of the stay factors.

First, plaintiffs note that Tennessee's law allows minors currently receiving treatment to continue care until March 31, 2024. *See* Tenn. Code Ann. § 68-33-103(b)(1)(B). Kentucky's law likewise gives minors currently on treatment time to wean off, but it requires that weaning begin immediately. Ky. Rev. Stat. § 311.372(6). Plaintiffs argue that this changes the balance of harms because they suffer immediately the harm that Tennessee's law allowed minors to postpone for months.

Looking only at the text of the laws, plaintiffs have a point. But the facts presented to us in *Skrmetti* were no different from the facts here. There, the district court found that the plaintiffs' doctors would begin weaning immediately. *L.W. ex rel. Williams v. Skrmetti*,

No. 23-5609 *Doe, et al. v. Thornbury, et al.* Page 3

No. 3:23-cv-376, 2023 WL 4232308, at *33 (M.D. Tenn. June 28, 2023) ("[T]he record demonstrates undisputedly that the continuing care exception will cause doctors to titrate down their minor patients' medications . . . beginning on July 1, 2023."). We did not disturb that finding. So, just as in *Skrmetti*, Kentucky's weaning period "lessens the harm" to minors "who wish to continue receiving treatment." *See Skrmetti*, 2023 WL 4410576, at *8.

Next, plaintiffs argue that because some Kentucky officials disagree with the ban, Kentucky's interest in enforcing the ban is weaker than Tennessee's. But the fact that some officials disagree with the ban does not change the analysis. As a sovereign state, Kentucky has an interest in creating and enforcing its own laws. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1011 (2022); *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 601 (1982). The people of Kentucky enacted the ban through their legislature. That body—not the officials who disagree with the ban—sets the Commonwealth's policies. *See Cameron v. Beshear*, 628 S.W.3d 61, 75 (Ky. 2021).

In short, plaintiffs' requested stay presents the same issues decided in *Skrmetti*. We decline to lift the district court's stay.

No. 23-5609 *Doe, et al. v. Thornbury, et al.* Page 4

---

## DISSENT

---

HELENE N. WHITE, Circuit Judge, dissenting. For the reasons stated in my separate opinion in *L.W. ex rel. Williams v. Skrmetti*, I would lift the district court's stay of its preliminary injunction. *See* No. 23-5600, 2023 WL 4410576, at *9 (6th Cir. July 8, 2023) (White, J., concurring in part and dissenting in part). Further, because I do not agree that Kentucky patients who were receiving the now-banned treatments at the time the law was enacted are in the same position as the Tennessee patients in *Skrmetti*, I would, at a minimum, lift the stay as to patients who were receiving treatment.

Like the plaintiffs challenging Tennessee's law, Plaintiffs here have shown that they are likely to succeed on the merits because Kentucky's law discriminates on the basis of sex. *See id.* Thus, the district court here properly issued a preliminary injunction, as did the district court in *Skrmetti*. *Id.* In this case, however, there is greater reason to let the preliminary injunction stand because, unlike the Tennessee statute in *Skrmetti*, Kentucky's law does not provide a continuing-care exception. As this court has explained, "[t]he probability of success [on the merits] that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer." *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Even following the majority's reasoning in *Skrmetti*, a preliminary injunction is appropriate here for patients who were undergoing the now-banned treatments, due to the greater risk of irreparable harm.

Unlike Tennessee's law, Kentucky's law provides no grace period during which patients receiving care may continue treatment. *Cf.* Tenn. Code Ann. § 68-33-103(b)(1)(B) (permitting care to continue without alteration through March 31, 2024). Instead, healthcare providers must immediately cease treatment or "institute a period during which the minor's use of the drug or hormone is systematically reduced." Ky. Rev. Stat. § 311.372(6). If choosing the latter course, the provider must "document[] in the minor's medical record that immediately terminating the minor's use of the drug or hormone would cause harm to the minor." *Id.* Violations of the statute result in license revocation. *Id.* § 311.372(4).

No. 23-5609 *Doe, et al. v. Thornbury, et al.* Page 5

In *Skrmetti*, in determining that a preliminary injunction was inappropriate, the majority found the risk of irreparable harm diminished precisely because of Tennessee's grace period. *Id.* at *8. Today, the majority sidesteps that analysis, reasoning that "the facts presented to us in *Skrmetti* were no different from the facts here" because, in that case, "the district court found that the plaintiffs' doctors would begin weaning immediately." Maj. Op. at 2. But the *Skrmetti* majority specifically noted that the Tennessee law "permits the challengers *to continue their existing treatments* until March 31, 2024" and "*[t]hat* feature . . . lessens the harm to those minors who wish to continue receiving treatment." 2023 WL 4410576, at *8 (emphasis added). It seems obvious that there is a tremendous difference between a statute like Tennessee's that allows flexibility regarding treatment decisions and time to explore alternatives and one like Kentucky's that forces doctors to either discontinue treatment immediately or risk losing their license if a stranger to the doctor-patient relationship second-guesses the doctor's determination or documentation that interrupting treatment would harm the minor.

For these reasons, I dissent from the majority's denial of the Plaintiffs' motion. I would lift the district court's stay of its preliminary injunction based on Plaintiffs' likelihood of success on the merits. And, to prevent the harm previously recognized by the *Skrmetti* majority, I would lift the stay at least with regard to those who were undergoing the now-banned treatments when the law took effect.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk